# Lookout Mountain Iron Co. *v.* Lea.

*Action for Damages for Death of Employe.*

[DECIDED JAN. 9, 1906, 39 So. REP. 1017.]

1. *Action; Form; Case or Trespass.*—A complaint which alleges that plaintiff's intestate was rightfully at work in defendant's mine as an employe of defendant's independent contractor, and while so engaged was struck by defendant's tram cars and killed through the negligence of defendant's servants, etc., states a good cause of action; and is in case and not in trespass.

2. *Master and Servant.—Independent Contractor's Servant; Rights.* One employed by an independent contractor to work in defendant's mine as the servant of the contractor, is not a

mere licensee, but is there in the exercise of a lawful right.

3. *Same; Fellow Servants.*—The servants of an independent contractor and the servants of the principal by whom the contractor is employed, are not fellow servants, though they may be engaged in the same work for the benefit of the ultimate employer.

4. *Master and Servant; Fellow Servants; Assumption of Risk.*—One not a fellow servant of defendant's servants, although a servant of an independent contractor, does not assume the risk of negligence of defendant's servants.

5. *Master and Servant; Injury to Other Person; Negligence of Servants.*—A person at a place in the exercise of a lawful right to be there, who is injured or killed by the negligence of defendant's servants, has a cause of action against the defendant on proof of negligence of the agent or servant of the defendant; for the negligence of the agent or servant is the negligence of the corporation, or defendant, for which the master is answerable, under such circumstances.

6 *Appeal; Pleadings; Demurrer; Harmless Error.*—It is error without injury to sustain a demurrer to pleas when both in the admission of testimony and in instructions to the jury defendant has the full benefit of the defense sought to be set up in the plea.

APPEAL from the DeKalb Circuit Court.

Heard before the Hon. J. A. BILBRO.

This is an action for damages growing out of the killing of appellee's intestate by certain tram cars used and operated by the appellant corporation in the conduct of their business of mining coal. Appellee's intestate was in the employment of one Summers, who had a contract with appellant to get out coal for them from their mines, and while so engaged in mining coal in a room or apartment of said mine, appellant's car ran down the track into the room where appellee's intestate was working, crushing and otherwise bruising him, causing his death. The complaint contained numerous counts, but the two counts on which the trial was had, and to which the judgment is referable, are counts one and two, and are as follows, after being amended:

Count 1. Plaintiff claims of the defendant $25,000 as damages for that heretofore, towit, on the 4th day of April, 1904, the defendant was the owner of a coal mine in DeKalb county, Alabama, operating the same, run-

[Lookout Mountain Iron Co. v. Lea.]

ning tram or coal cars in the same for the purpose of hauling and removing coal therefrom, and while so engaged, through its agents and servants, allowed his tram or coal cars to run down its track entering said mine into a room or entry where plaintiff's intestate was rightfully at work assisting one Sam Summers, who was employed by the defendant to mine coal in its said mine, as a contractor, the deceased being hired by said Summers to assist him in and about the work of mining coal in said mine; and said cars were thus allowed to run negligently, carelessly and recklessly against plaintiff's intestate, striking him, crushing and breaking his legs and otherwise injuring him from the proximate result of which he died on towit: the —— day of —— 1904; and plaintiff alleges that said injury was the result of the negligence of defendants' agents and servants in charge of and operating and running said tram cars.

Count 2. Plaintiff claims of the defendant the further sum of $25,000 for that heretofore towit, on the 4th day of April, 1904, defendant was the owner of a coal mine in DeKalb county, Ala., operating said mine, using tram cars that ran on tracks entering said mine for the purpose of hauling coal from the same, and while so engaged, the defendant ran its tram cars into said mine and along its said track into a room or entry where plaintiff's intestate was rightfully at work assisting one Sam Summers who was employed by the defendant to mine coal in its said mine as a contractor, the deceased being hired by said Summers to assist him in and about the work of mining coal in said mine, and negligently allowed said cars to run against his said intestate bruising and injuring him from the results of which injuries he died on the —— day of —— 1904.

The first ground of demurrer urged to these counts is as follows: "So far as appears from the averments of said count, plaintiff's intestate was a mere licensee in the mines of defendant, and it does not appear from the averments of said count that the injuries done to plaintiff's intestate were wantonly or wilfully inflicted." The second ground is sufficiently set forth in the opinion.

The defendant requested the following written charges which were refused:

1.   I charge you, gentlemen of the jury, that if from the evidence you find that the plaintiff's intestate was injured in plaintiff's mines, while engaged at work therein as an employee of the independent contractor, Sam Summers, through the negligence of the defendant's mine driver, Frank Johnson, in leaving the trip of loaded cars on the track where the collision occurred then such negligence on the part of Frank Johnson was the negligence of a fellow-servant for which the plaintiff cannot recover of the defendant, unless you find that the defendant injured the plaintiff's intestate either wantonly, recklessly, or intentionally.

2.   Under the evidence in this case, defendant did not owe the deceased any duty but not to injure him knowingly or intentionally.

3.   General affirmative charge.

4.   I charge the jury that under the evidence in this case, that the relation which the plaintiff's intestate sustained to the defendant was that of a licensee, and the measure of the defendant's duty to him as such licensee was not to injure him wantonly, recklessly or intentionally.

5.   General affirmative charge as to count 2.

6.   General affirmative charge as to count 1.

7.   General affirmative charge.

8.   If the jury believe from the evidence that the defendant, by acquiecense in the employment of the deceased by the independent contractor, Sam Summers, invited the deceased to work in its mines, then the deceased became a fellow servant of those engaged in the common employment and assumed the risk of their negligence.

9.   I charge the jury, that if from the evidence, you find that the defendant through its mine superintendent or mine foreman had not, in fact, given permission to the plaintiff's intestate to work in its mines as an employee of the independent contractor, Sam Summers, but if you further find that the defendant's mine superintendent or mine foreman knew that he was at work there and impliedly acquiesced in his presence in the defendant's mine, such acquiesense would only operate as a mere license to him, and imposed on him the risk

[Lookout Mountain Iron Co. v. Lea.]

incident to the mining of the coal and rock, and the operations therewith in the defendant's mine, except such as might result from the wanton or intentional wrong on the part of the defendant or a failure to exercise due care to avert the injury after the danger had become apparent.

JOHN F. MARTIN, for appellant; insisted first, that the court was held at a time not provided by law for holding the circuit court of DeKalb county.—§ 907 of the Code; Acts of Alabama, 1903, p. 567. (2.) That the demurrers to counts 1 and 2 should have been sustained. *Ensley Ry. v. Chewning,* 93 Ala. 26; *Baker v. L. & N. Terminal Co.,* 53 L. R. A. 474; *A. G. S. R. R. Co. v. Williams,* 37 So. 255; *City Delivery Co. v. Henry,* 139 Ala. 161. 34 So. 389; *So. Ry. Co. v. Yancey,* 37 So. 341; *A. G. S. R. R. Co. v. Williams,* 37 So. 255; *Central of Georgia Ry. Co. v. Freeman,* 37 So. 387.

Third, that being the servant of an independent contractor he was a mere licensee at the place where he was at work and the defendant owed him no higher duty than not knowingly or wilfully to injure him.—*McCauley v. T. C. I. & R. R. Co.,* 93 Ala. 356, 9 So. 611; *Reardon v. Thompson,* 149 Mass. 267; *Galveston Oil Co. case,* 70 Tex. 400; *Farris case,* 33 N. E. 1028; *Matthews case,* 51 N. J. L. 30; *Balch case,* 7 Hurl. and N. 736. From which it is argued that plaintiff's intestate was a mere licensee and charges numbered 2, 3, 4, 5, 6, 7, and 9 should have been given.

Fourth, That he was a fellow servant with defendants servants and therefore assumed the risk.—*Thomas v. P. M. & N. Co.,* 133 Ala. 279, 32 So. 15; *Woodley v. M. Ry. Co.,* Law Report, 1876-77 pp. 389-90.

HOWARD & HUNT, for appellee; insisted that plaintiff's intestate, under the facts in this case, was not a fellow servant of defendant's servants nor was he a mere licensee, but that he was at the place where he was injured in the exercise of a lawful right to be there, and that the demurrers to counts 1 and 2 were properly overruled; plaintiff's demurrers to defendant's pleas were properly sustained; and that charges requested by defendant

were properly refused.—32 Ind. 411; 39 N. Y. 468; 2nd Thomp. Neg. 1024; Cooley's Torts, 541, note 1; Beach on cont. Neg. 338; 12 A. & E. Ency. of Law, (2nd Ed) p. 995; LaBatt M. & S. Vol. 2, § 490, p. 1340; *Harris v. McNamara,* 97 Ala. 181, 12 So. 103.

TYSON, J.—The trial of this cause and the judgment rendered in it was at a time provided by law for the holding of the court which was presided over by a *de jure* judge.

There is, therefore, no merit in the contention that the judgment is a nullity.

The first and second counts of the complaint, after amendment, upon which judgment was rendered are in case and not in trespass.—*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389; *Birmingham Ry., Light & Power Co. v. Moore,* in MS., 39 So. Rep. And the proof of the negligence by the servants of defendant will support the allegation of negligence in each of these counts. In this character of cases the negligence of the agent or servant of a corporation is the negligence of the corporation.—*Birmingham Ry., Light & Power Co. v. Moore, supra,* 39 South., and authorities there cited.

There were two objections urged by way of demurrer to the sufficiency of each of these counts. The first is that the plaintiff's intestate, on the averments, was a mere licensee in the mines of defendant and, therefore, it owed him no duty other than not to wantonly or intentionally injure him.

In each of the counts it is averred that plaintiff's intestate was rightfully at work in the mine of the defendant, assisting one Summers, whom, it is alleged, was employed by defendant to mine coal in its mine as a contractor. It will scarcely be denied that Summers had the right to employ the plaintiff's intestate to assist him, and that defendant had no right to forbid such an employment. The plaintiff's intestate, therefore, had the right to be in the mine, for the purpose of doing work under his employment without regard to any express or implied license or permission of the defendant. His status, therefore, was not that of a mere licensee, but that of a person asserting and exercising a lawful right.

[Lookout Mountain Iron Co. v. Lea.]

The other objection is, that the counts do not apprise the defendant of the relation existing between it and plaintiff's intestate at the time of the alleged injury, and of this the defendant was entitled to know. This objection seems to proceed upon the theory that unless the relation of master and servant existed between the parties at the time of the alleged injury or that plaintiff's intestate was in the mine upon the express or implied invitation of the defendant, there can be no recovery on account of the latter's negligence in the operation or handling of its cars. This is unsound. The principle applicable here, in our opinion, is correctly stated in a note found on page 43 of 46 L. R. A. in these words: "Independently of contract one person must answer for the consequences of his negligence to another, wherever these two conditions are satisfied. (1.) The circumstances must be such as to justify the inference that the second person had a legal right, derived from the first person or from some extrinsic paramount authority, to occupy the place where those events occurred which are relied upon as constituting his cause of action. (2.) It must be apparent to the first person, considered as a man of ordinary powers of observation, that the position likely to be assumed by the second person in the exercise of the right so acquired with regard to the first person himself or some physical agency organic or inorganic, which was under his control at the time it was brought into the conditions in which it was at the time the accident happened, are such that the second person will be likely to suffer injury if the first person does not take the precautions to prevent that injury which would suggest themselves to a prudent man as being appropriate for that purpose." The demurrer was properly overruled.

Whether the demurrer to plea 8 was properly or improperly sustained is unnecessary to be determined. If the ruling of the court in this respect be conceded to be erroneous, it was without injury, since it affirmatively appears from the testimony, the oral charge of the court and the written charges given at the request of the defendant, that it had the full benefit of the defense attempted to be invoked by this plea. And this is true

with respect to every other plea to which a demurrer was sustained invoking contributory negligence as a defense.

The testimony tends to show that plaintiff's intestate received the injuries from which he died while at work as a servant of Summers, in defendant's mine at a place where he had a right to be and that his injuries were caused by the negligence of the servants of the defendant having the control and management of the operation of its cars.

It was admitted on the trial that Summers was an independent contractor.

The next insistence is that the servants of defendant and plaintiff's intestate at the time of the latter's injury were fellow-servants and, therefore, there could be no recovery on these counts. Summers being an independent contractor, the relation of master and servant did not exist between him and the defendant, and neither did it exist between his servants and the defendant .

"He is to be deemed the master, who has the supreme choice, control and direction of the servant, and whose will the servant represents not merely in the ultimate result of his work but in all of its details."—Sherman & Redfield on the Law of Negligence, § 160.

In section 180 these authors say: "The same principles are applied to determine who is a servant for the purpose of settling a question as to the master's liability or non-liability to him as are applied to the question of his liability for him. Persons who, in a sense, serve another person, but are not his 'servants', within the definition heretofore given, stand upon the same footing as strangers. Thus an independent contractor or the servant of such contractor is not within the rule; and he may recover against the employer of such contractor in like manner with a stranger." And in section 225 it is said: "Mere co-operation, or community of labor and ultimate purpose is not enough to make men fellow-servants. They are not fellow-servants unless they are all under the control and direction of a common master. Therefore, when a servant works side by side with one employed by his master as an independent contractor, or with a servant of such contractor or the servant of a

[Lookout Mountain Iron Co. v. Lea.]

contractor works with the servant of the sub-contractor, they are not fellow-servants, even though they help to do the same work for the benefit of the same ultimate employer."

The rule is stated in 12 Am. & Eng. Ency. Law page 995, in this language: "Servants of an independent contractor and servants of the principal by whom the contractor is employed are not fellow-servants, although they work side by side in a common employment, if they are not under the control of a common master." The reason of the rule is obvious. Not being the servant of the defendant there exists no implied undertaking by him that he has assumed the risk of negligence of the defendant's servants.

Written charges based upon this hypothesis were therefore, properly refused.

The 12th special plea asserting that plaintiff's intestate was a mere licensee was not proven.

Under the evidence there is no room for the application of the doctrine of assumed risk. The work engaged in by plaintiff's intestate was not obviously dangerous.

Whether Summers was guilty of negligence which proximately contributed to the plaintiff's intestate's injury was submitted to the jury for their determination. Under the evidence this was clearly a question for the jury. However, whether his negligence, if established, would have defeated plaintiff's right of recovery is not presented by this record. We therefore, express no opinion upon that question.

No error being shown by the record of which the appellant can complain, the judgment must be

Affirmed.

DOWDELL ANDERSON and SIMPSON, JJ., concurring