# Warrior-Pratt C. Co. *v.* Shereda.

## Damage for Injury to Servant.

(Decided April 24, 1913. Rehearing denied June 5, 1913.
62 South. 721.)

1. *Master and Servant; Injury to Servant; Complaint.*—The complaint examined and each count held to sufficiently state a cause of action under subdivision 1, section 3910, Code 1907.

2. *Same; Independent . Contractor.*—One who is engaged to mine coal in another's mine, at a place fixed by the owner's superintendent, at a stated rate per ton, and who is not in any manner under the control of the mine owner or its representatives with respect to the details of the mining is not a servant, but is an independent contractor; hence, where the complaint alleged that plaintiff was in the employment of the mine owner, and the evidence showed that he was engaged to mine coal at a certain rate per ton; and did not show that the mine owner had any control or direction over him, such mine owner was entitled to have a verdict directed for him at the suit of plaintiff under the Employer's Liability Act.

3. *Same; Presumption and Burden of Proof.*—Where the action was for injury sustained while engaged in mining coal in another's mine, there was no presumption that plaintiff was a servant rather than an independent contractor, and the burden was on plaintiff to show the existence of the relation of master and servant.

4. *Same; Instructions.*—Where plaintiff alleged that he was in the mine owner's employment but the evidence showed that he was an independent contractor, an instruction authorizing a recovery under the conditions which would render the master liable to a servant should not have been given, as under the complaint plaintiff could not recover unless he was shown to be a servant.

5. *Same; Evidence.*—In an action for injuries sustained while engaged in mining coal for a certain sum per ton, and the superintendent of the mine owner had testified that he had made the usual contract with plaintiff to drive a room in the mine, such superintendent should have been permitted to testify as to the nature and character of the contract.

6. *Same.*—Where the testimony was conflicting whether the rock which struck plaintiff fell from the roof of the entry where the evidence tended to show that it was defendant's duty to inspect and remove dangerous rock or coal, or fell from the roof of the room in which plaintiff was working where the evidence tended to show that it was his duty to inspect or remove dangerous rock or coal, the court should have admitted all evidence calculated to show the respective duties of the mine owners and the miner, with respect to inspection or removal of coal and rocks.

7. *Same; Expert Evidence.*—Whether an entry was driven in a mine with due care and skill, was a proper subject for expert testimony.

8. *Same; Sufficiency of Evidence.*—An allusion in the testimony of a witness to the presence of a person representing an insurance company, and his testimony that he sent into the mine and brought out the men who knew about the accident was not sufficient to show that the mine owner had insured itself against liability for injuries to plaintiff, or to make a question for the jury as to the existence of the relation of master and servant between the mine owner and plaintiff, where it was not shown by whom the insurance referred to was effected.

9. *Appeal and Error; Insistence Upon; Necessity.*—Where a reversal is to be had on other ground the appellate court may point out errors which should be avoided on new trial, although not insisted upon in brief; and this is true although a judgment will not be reversed solely because of errors assigned and not insisted upon .

. (Sayre, J., dissents in part.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by Peter Shereda against the Warrior-Pratt Coal Company, for damages for injury while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 2 alleges the operation by defendant of a coal mine, and that plaintiff was in the employment of defendant in said mine, and while engaged in the discharge of his duties under his employment a piece of rock or slate or other hard substance fell from the roof of defendant's mine, striking plaintiff and inflicting the injuries which are set out. It is then averred that the injuries were caused by reason of a defect in the condition of the ways, works, machinery, or plant of the defendant, and that said defect consisted in this, that defendant failed to pull down what is known as a middleman from said roof, and because thereof said middleman fell upon plaintiff, inflicting the injuries complained of, and plaintiff avers that said defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person intrusted by it with the duty of seeing that its way, works, machinery, or plant were in proper condition.

Count 4 alleges the condition of the material compos-
ing the roof of defendant's mine opposite room No. 10,
near first right cross-heading, at the place where plain-
tiff was injured, was not sufficiently sustained and held
in place, and because thereof a portion of such material
composing such roof fell upon plaintiff and injured him.

The exception to oral charge quoted in assignment
24 is as follows: "If you find from all the evidence that
the rock fell by reason of a defect in the roof of the en-
try, and the superintendent, Lilich, who was also the
mine boss, at the time as testified to, and several days
prior thereto, knew of the defect or dangerous condition
of the rock, and the defendant failed to remedy the de-
fect, or put the rock in a safe condition, and if you fur-
ther believe from the evidence that plaintiff was not
such employee or servant whose duty it was to remedy
such defect under the evidence before you, then you
should find for the plaintiff, notwithstanding the rock
broke off several inches within the neck of the room
wherein it was the duty of the plaintiff to see to the
safety of the roof."

The testimony of plaintiff was that he was working
in the room, digging coal for himself, being paid by the
ton, and making over $3 and up to $4 per day. The su-
perintendent testified that he gave the plaintiff the con-
tract to drive room 10 on the first right cross. "I made
the usual contract with him and marked it off. Plain-
tiff was paid 42½ cents per ton for the coal." It was
attempted to be shown by this witness what was the na-
ture and character of the contract, but on objection the
evidence was excluded.

J. T. Stokely, and R. H. Scrivner, for appellant.
Both of the counts on which the case went to the jury
were under the Employer's Liability Act, and of course

the burden was on plaintiff to bring himself within the class of persons for whose benefit the statute was enacted.—*Ga. Pac. v Propst*, 4 South. 711; *Harris v. McNamara*, 12 South. 103; *Dallas M. Co. v. Townes*, 49 South. 989.   Under the evidence plaintiff's status was that of an independent contractor.—*Harris v. McNamara, supra; Dallas M. Co. v. Townes, supra; Lookout M. I. Co. v. Lea*, 39 South 1017.   It follows that the court's oral charge was improper.—*U. S. C. I. P. & F. Co. v. Driver*, 50 South. 119; *Ala. S. & W. Co. v. Thompson*, 52 South. 75; *Frierson v. Frazer*, 142 Ala. 232; sec. 5362, Code 1907.   Counsel discuss exceptions to evidence, with the insistence that the court erred in not admitting it.—*Ga. Pac. v. Propst, supra; L. & N. v. Allen*, 78 Ala. 494; *A. G. S. v. Arnold*, 84 Ala. 159; *Holland v. Tenn. Co.*, 8 South. 524; *R. & D. R. R. Co. v. Bivins*, 15 South. 515.

FRANK S. WHITE & SONS, for appellee.   The Employer's Liability Act applies in this case, for the relationship is created when one commences to perform labor or service for another whether by contract or otherwise, and the fact that payment is to be made by the piece does not preclude a person from being an employee within the purview of the statute.—*Woodward I. Co. v. Curl*, 153 Ala. 215; *Bir. R. Mills v. Wampold*, 143 Ala. 115; *Cahaba S. M. Co. v. Pratt*, 146 Ala. 245; *Tutwiler C. & M. Co. v. Farington*, 144 Ala. 157; *Bir. M. & C. Co. v. Skelton*, 149 Ala. 465; *Mascot C. Co. v. Garrett*, 156 Ala. 290; White's Personal Injury, sec. 69; Roberts & Wallace Employer's Liability, 261.   The affirmative charge is never properly given where the evidence affords reasonable inferences of material fact unfavorable to the party requesting it.—*Peters v. So. Ry.*, 135 Ala. 537; *Bessemer Co. v. Tillman*, 139 Ala. 462.

No exception was reserved to the oral charge after the court's explanation, and hence, the exception must fail. In any event, the charge was not error.—*Sloss-Sheffield v. Stewart,* 55 South. 785. If the charge was misleading the duty was on defendant to request explanatory charges.—*B. R. L. & P. Co. v. Simpson,* 59 South. 213. The complaint sufficiently stated the relation of master and servant, the duty growing out of the relation, and the negligence proximately resulting in the injury, and this was sufficient.—Authorities supra; 162 Ala. 570; 144 Ala. 221; 122 Ala. 231; 134 Ala. 293; 136 Ala. 335; 138 Ala. 487; 141 Ala. 206; 128 Ala. 305. The fourth count of the complaint was not subject to demurrer.— Authorities supra. A party cannot complain of the action of the court in sustaining objections to a question where the court is not informed as to the answer expected unless it is disclosed by the question that it would call for affirmative admissible evidence.—*Farley v. Bay Shell Road,* 27 South. 774; *Ross v. State,* 139 Ala. 144; *B. R. L. & P. v. Selhorst,* 165 Ala. 481. Some of the questions clearly called for the mental operations of the witness, and were properly refused.—*Dunn Bros. v. Gunn,* 149 Ala. 597; *Merchants' Bank v. Acme L. Co.,* 160 Ala. 435; *Simmons v. State,* 158 Ala. 8. The court properly sustained demurrers to plea 10.—*Osborn v. Ala. S. & W. Co.,* 135 Ala. 571; *Tenn. Co. v. Burgess,* 158 Ala. 519; *B. R. L. & P. Co. v. Bush,* 56 South. 732.

McCLELLAN, J.—The complaint, as amended, contained four counts. All of these carried the material averment of relation of master and servant between plaintiff (appellee) and defendant (appellant) at the time plaintiff was injured by the falling of rock from the roof of the mine. Only counts 2 and 4 were passed to the jury. These were drawn under the first sub-

division of the Employers' Liability Act (Code 1907, §
3910). Neither of these counts was subject to the de-
murrer. Both sufficiently, under our rule, allege and
describe a defect in the condition of the ways, works,
etc., of the defendant's mine, and conclude in the words
of the statute whereby negligence is charged, as upon
that defective condition, to have proximately caused
plaintiff's injury.

We are not able to find in this record any evidence, or
legitimate inference from the evidence, tending to sup-
port the allegations of relationship of master and serv-
ant between plaintiff and defendant when he was in-
jured. The application to the evidence here, of the ac-
cepted and often reaffirmed doctrine of *Harris v. Mc-
Namara,* 97 Ala. 181, 12 South. 103, and *Lookout M. I.
Co. v. Lea,* 144 Ala. 169, 39 South. 1017, defining an in-
dependent contractor, leaves no doubt that the relation,
in employment, alleged did not exist when the injury
occurred. The sum of that evidence is that plaintiff
engaged to mine coal in defendant's mine, at a stated
rate per ton, at a place and within the limits fixed by
defendant's superintendent. It is not shown, in any
degree, that defendant or its representatives had any
control or direction in respect of the details of the min-
ing, of when or how plaintiff should do what he had en-
gaged, as stated, to do. There is no presumption that
he was a servant rather than a contractor. The burden
was assumed by and was upon him to show that he
bore at the time the relation of servant, in order to avail
of the statute's provisions. He has not shown that de-
fendant had "control over the *means* and *agencies*" by
which the mining of the coal in the area of his labors
"was to be produced." Accordingly the defendant was
entitled to the general affirmative charge requested by
it.

And upon the like considerations the court erred in the excepted to extract from the oral charge quoted in the twenty-fourth assignment of error. The plaintiff could not recover, under the complaint, unless he was shown to be a servant of the defendant.

The court also erred in restricting the defendant in its effort to show the full, whole contract or agreement between plaintiff and defendant. If they engaged to the "usual" effect "for driving rooms" in that mine, the terms that engagement comprehended were proper matters for the jury's consideration.

There was irreconcilable conflict in the testimony upon the issue whether the rock which fell upon plaintiff came from the roof of the *entry,* where there was evidence tending to show that it was defendant's duty to inspect for and remove dangerous rock or coal, or from the roof of the room or room neck in which there was testimony tending to show it was the miner's duty to inspect for and remove dangerous rock or coal. If the pleadings upon another trial again present that issue, all evidence calculated to discover the respective duties of mine operator and miner with respect to inspection for and the removal of loosened rock or coal should be received. On this trial the court appears to have unduly restricted the evidence in that regard. It may be quite material to determine at what point (if so) between the entry and the room neck or room the duty of inspection and care in this regard closed for one and began for the other, and equally as material to determine exactly wherefrom, with reference to the roofs of the entry, room neck or room, the rock causing the injury fell, or at what point, if so, with like reference, the initial leaning of the rock from its place above occurred.

Whether the entry from the roof, of which there was evidence tending to show the rock in question fell, was driven with due care and skill was the proper subject of inquiry of the expert witness, Robert Neil.

The judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.

### ON REHEARING.

McCLELLAN, J.—In an exhaustive argument appellee insists the court is in error in finding that there is no evidence, nor inference from evidence, in this record tending to support the material averment of the existence, at the time of injury, of the relationship of master and servant between the plaintiff and defendant. The argument, and authorities cited, have been carefully examined and considered. In addition the court en banc has re-read the entire record touching this point of controversy. The doctrine of the cases noted, in this connection, in the original opinion is manifestly sound. That that doctrine is applicable to the case at bar does not, in the judgment of the court, admit of doubt. When to the entire evidence offered and admitted is applied the doctrine summarily stated, as upon the cases cited, in the original opinion, the conclusion is, in our judgment, unescapable that there is an entire want of evidence tending in any degree to establish the relationship alleged. The bare allusion in the testimony of Lillich to the presence of a person representing an insurance company, and the statement by the witness that he "sent into the mine and brought the men out who knew about the accident," to plaintiff, did not tend to show that the company had insured to protect itself from damages for injury to the plaintiff. By whom the in-

surance referred to was effected was left entirely unstated.

Counsel for movant for rehearing are correct in their suggestion that there was no insistence in brief for appellant upon the exceptions, assigned for error, taken because of the denial to it of the opportunity to show the terms of the *contract* between plaintiff and defendant. Had that matter been the sole error committed by the trial court, of course a *reversal* could not have been predicated of it. However, since a reversal was found necessary on the major proposition arising out of the erroneous refusal to defendant of the general affirmative charge, it was not thought amiss to indicate, in a general way, other errors which to avoid on the succeeding trial appeared desirable.

The exception in this connection was reserved during the examination in chief of Lillich, and not on the cross, as movant's brief seems to assert.

The twenty-fourth assignment of error complained of a part of the oral charge of the court, and this assignment was urged for error on pages 7 and 8 of the brief for appellant, filed on original submission.

The application for rehearing is denied.

SAYRE, J.—(dissenting).—I concur in the reversal for other reasons; but I cannot assent to the proposition that the general charge should have been given on the ground that plaintiff failed to show that he was an employee rather than an independent contractor. Plaintiff assumed the burden of proving that he was an employee of course. But when plaintiff proved his employment as a manual laborer to dig coal, prima facie he showed that he was an employee within the meaning of the Employer's Liability Act, and the fact that he was paid by the ton was not sufficient to make of him

[Adams v. Corona Coal & Iron Co.]

an independent contractor as matter of law. On the facts proved, and on the common implications of the language used by the witnesses, I think the question whether plaintiff was an employee within the meaning of the statute was properly submitted to the jury.

