## Sloss-Sheffield Steel & Iron Co.
## *v.* White, *et al.*

### *Injury to Servant.*

(Decided May 14, 1914.  Rehearing denied June 24, 1914.
65 South. 999.)

1. *Charge of Court; Applicability to Pleadings.*—Although counts of a complaint are defective, yet where demurrer thereto is overruled, such counts remain as a part of the pleading in the cause, and must be considered in determining the propriety of giving or refusing special charges.

2. *Master and Servant; Safe Place to Work; Injury to Servant.*—Where miners employed to drive headings or entries parallel to each other, negligently made them of unusual width, so that the blast from one entry killed the miner in the other entry, recovery for his

death could not be had against the master on the theory that the master was negligent in failing to furnish a safe place to work; the place having been and being created by the miner.

3. *Same; Duties of Inspection.*—Under the facts here no recovery can be had on the theory of a defect in the ways, works, machinery, etc., which had not been discovered or remedied, etc., as the miners death was contemporaneous with the condition caused by his negligence; however, if it was the duty of the master to inspect the entries made, and if there was a failure in this regard, a recovery might be had on that ground of negligence.

APPEAL from Bessemer City Court.

Heard before Hon. J. B. C. GWIN.

Action by Mary L. White and another, as administratrix, against the Sloss-Sheffield Steel and Iron Company, for damages for the death of their intestate, while in the service or employment of the defendant. Judgment for defendant, which on motion of plaintiffs, was set aside, from which defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. If the negligence of plaintiff's intestate caused the defect, and it was a part of his duty to prevent such, the master is not liable.—*Pioneer M. & M. Co. v. Thomas,* 133 Ala. 282; *Grasselli Chem. Co. v. Davis,* 166 Ala. 479; *Western C. & F. Co. v. Bean,* 163 Ala. 255. The correctness of the court's action in giving charge five cannot be questioned.—*Williams v. Anniston Co.,* 164 Ala. 87; *Whaley v. Sloss Co.,* 164 Ala. 228; *A. G. S. R. R. Co. v. Ventress,* 54 South. 652. See 50 Pac. 815; 1 Labat Sec. 11; 2 Id. Plea three was in the case and was proven.—*Maddox Case,* 55 South. 93.

MATHEWS & MATHEWS, for appellee. The court erred in giving written charge 9 at the request of the defendant, and this was sufficient to require the verdict and judgment to be set aside.—*B. R. L. & P. Co. v. Jones,* 146 Ala. 277; *Same v. Moore,* 50 South. 116; *Huggins' Case,* 148 Ala. 153. Charge ten was also improperly given.

[Sloss-Sheffield Steel & Iron Co. v. White, et al.]

SAYRE, J.—While plaintiff's intestate was at work in defendant's ore mine, a blast in the adjacent entry or heading burst through the intervening wall or rib and caused his death. The complaint declared as for a breach of defendant's common-law duty to furnish a safe place in which its servant, plaintiff's intestate, might do the work for which he was employed, and contained also counts under the statute alleging that the rib was defective, in that it was too thin, while still other counts charged negligence in general terms against defendant's superintendent or mine foreman. These last counts were defective, and the demurrer to them should have been sustained.—*Woodward Iron Co. v. Marbut,* 183 Ala. 310, 62 South. 804.

The court having ruled otherwise, these counts remained in the case. They stated a cause of action, though defectively, and the later action of the court in giving or refusing special instructions to the jury must be reviewed with reference to the issues raised by these counts and on the hypothesis that they were well pleaded.

It does not appear that any unusual or unnecessary amount of explosive was used, or that the circumstances of the blast indicated any negligence in the conduct of defendant's business, except that the rib had been left too thin to withstand the shock to which it was exposed. This condition of the rib resulted immediately from the fact that either plaintiff's intestate or his coemployee in the adjacent entry, or possibly both of them, drove their headings unduly wide. This did not constitute an unsafe place within the common-law doctrine of the master's duty in respect to furnishing his servant a safe place in which to do his appointed work, for the reason that the work in which intestate and his coemployee were engaged created the place itself and the defective

condition of which plaintiff complained. And on like considerations plaintiff could not recover as for a defect in the condition of defendant's ways, works, machinery, or plant which had not been discovered or remedied owing to the negligence of the master, or of some one in his service and intrusted by him with the duty of seeing that the ways, works, machinery, or plant were in proper condition, if the defective condition was brought about by decedent's disobedient or otherwise negligent execution of his work, and his death occurred contemporaneously with, and in the course of, his creation of the condition.

It was the duty of plaintiff's intestate and of his coemployee in the adjacent entry to drive their headings straight forward and of uniform width, to the end that a proper thickness of rib be left between them. The trial court instructed the jury that, if it was the duty of plaintiff's intestate to dig the heading and leave the rib in proper and safe condition, then plaintiff could not recover on account of any defect in the rib. The alleged defective condition of the rib lay at the bottom of plaintiff's case in each of the several aspects presented by the different counts, but the fact that the duty rested upon plaintiff's intestate as hypothesized was not enough of itself to conclude the case against plaintiff. A like duty rested upon the coemployee in the adjacent entry, and the safety of the rib depended upon the co-ordination of their efforts. Due regard for the safety of these employees may have required—doubtless did require—that responsibility for the condition of the rib be, not put upon plaintiff's intestate alone, nor be distributed in its entirety between him and his coemployee, but that expert advice and diligent superintendence be accorded them to the end that the rib between them be left in a safe condition as the work progressed.

The evidence afforded an inference of neglect on the part of defendant in respect of the duty of such superintendence, and this charge, which concluded the case against plaintiff without regard to such neglect, was erroneously given. This error the trial court properly set right in its order granting the motion for a new trial, and its action in that behalf must be sustained.

Whether plaintiff's intestate was an employee of defendant or an independent contractor is of importance in the case, but has not been discussed in the briefs. Appellant assumes that intestate was an independent contractor; appellee assumes that he was an employee. Our opinion on the uncontradicted evidence is that intestate was an employee, and within the protection of the statute.—*Tenn. C. I. Co. v. Hayes,* 97 Ala. 201, 12 South. 98. The evidence here goes much further in explanation of the relations between intestate and defendant than did the evidence in *Warrior-Pratt Coal Co. v. Shereda,* 183 Ala. 118, 62 South. 721. Other issues of fact were for the jury. As the pleadings must be recast, we have not deemed it necessary to go further in consideration of the errors assigned.

Affirmed.

ANDERSON, C. J.; and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.