# Tennessee Coal, Iron & R. R. Co. *v.* Davis.

*Injury to Invitee.*

(Decided May 20, 1915. Rehearing denied June 30, 1915.
69 South. 544.)

1. *Negligence; Dangerous Premise; Invitee; Complaint.*—A complaint which alleges that plaintiff was rightfully at work in defendant's mine assisting a servant of defendant in setting up a drill machine, that the machine fell upon plaintiff's leg, injuring him, and that his injury was caused, proximately, by the negligence of the agents and servants of defendant, who were then and there engaged in and about the work of defendant in setting up said machine, states

a cause of action on the theory that plaintiff was an invitee on defendant's premises.

2. *Same; Personal Injury; Variance.*—Where the recipient of personal injuries sues as a stranger, such an one cannot recover on proof that he was a servant of the master whom he sues.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Joe Davis against the Tennesse Coal, Iron & Railroad Company, for damages for personal injury. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

PERCY, BENNERS & BURR, for appellant.

MATHEWS & MATHEWS, for appellee.

THOMAS, J.—(1) The first assignment of error is based on the overruling of appellant's demurrer to the second count as last amended. The count is as follows:

"Plaintiff claims of the defendant $1,000 as damages, for that heretofore, to-wit, on or about the 25th day of February, 1913, plaintiff was rightfully at work in defendant's mine near Bessemer, Ala., assisting a servant of defendant in and about setting a drill machine, and while so doing the drill fell upon plaintiff's leg and crushed and mashed the same, so that plaintiff was disabled for a long time, made sick and sore, suffered great mental and physical pain and anguish, rendered unable to work and earn money for a long time, and caused to spend much money for medicines and doctors' bills in and about his efforts to cure and heal his wounds and injuries; hence this suit.

"Plaintiff alleges that his said injuries were approximately caused by the negligence of the agents and servants of the defendants who were then and there engaged

in and about the work or business of the defendant in connection with setting up said drill machine on the occasion aforesaid; wherefore he sues."

This count does not declare as upon a wrong to a servant of the defendant. It is not, however, subject to the demurrer interposed.—*Lookout Mountain Iron Co. v. Lea,* 144 Ala. 169, 39 South. 1017; *Republic Iron & Steel Co. v. Luster,* 192 Ala. 501, 68 South. 358; *Sloss-Sheffield Co. v. Stewart,* 172 Ala. 516, 55 South. 785. The complaint proceeds upon the theory that plaintiff was not a servant.

(2) One injured cannot sue as a stranger, and recover on proof showing he was a servant of the master, whom he impleads, any more than a stranger to the service of the master may sue as his servant, and recover.—*Choate v. A. G. S. R. R. Co.,* 170 Ala. 590, 54 South. 507. The elements and the measure of duty are different and distinct.—*Southern Railway Co. v. Cooper,* 172 Ala. 505, 512, 55 South. 211. Because of this failure of proof the general affirmative charge requested by the defendant should have been given.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.