(75 South. 962)

REPUBLIC IRON & STEEL CO. v. McLAUGHLIN. (6 Div. 548.)

(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 14, 1917.)

1. MASTER AND SERVANT ☞88(3)—SERVANT'S INJURIES — RELATION OF PARTIES — "SERVANT"—"INDEPENDENT CONTRACTOR"—"MASTER."

Whether one performing a service is a "servant" or an "independent contractor" is determined by whether or not the person for whom he is working has control over means and agencies by which the work is done, or by which the result is produced, and he will be deemed the "master" who has the supreme choice, control, and direction of the servant, and whose will the servant represents, not merely in the ultimate result of his work, but in all its details, and he is an "independent contractor" when the service rendered represents the will of the master only as to the result of his work, and not as to the means by which it is accomplished.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 146.

For other definitions, see Words and Phrases, First and Second Series, Independent Contractor; Master; Servant.]

2. MASTER AND SERVANT ☞264(10)—MINER'S INJURIES—ISSUES, PROOF, AND VARIANCE—RELATION.

Where complaint alleged that injured miner was working on said premises as an invitee, employed by an independent contractor, and was not a servant of defendant, and the evidence showed that the miner was defendant's servant, there was a variance, warranting an affirmative charge for defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 870.]

Appeal from City Court of Bessemer; J. C. B. Gwin, Judge.

Action by Sid McLaughlin against the Republic Iron & Steel Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Act April 18, 1911, p. 449, § 6. Reversed and remanded.

------

Percy, Benners & Burr, of Birmingham, for appellant. Goodwyn & Ross, of Bessemer, for appellee.

THOMAS, J. The cause was tried on the fourth count, which alleged that plaintiff was working in defendant's mines as an employé of an independent contractor. Defendant pleaded the general issue in short by consent, with leave to give in any evidence tending to establish any special defenses, etc.

[1] Whether one performing a service is a servant or an independent contractor is held to be determined by whether or not the person for whom he is working "has control over the means and agencies" by which the work is done (Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 South. 721; T. C. I. & R. R. Co. v. Davis, 194 Ala. 149. 69 South. 544; L. & N. R. R. Co. v. Williams, 74 South. 382[1]), or has control over the means and agencies "by which the result is produced" (Harris v. McNamara, 97 Ala. 181, 12 South. 103). In line with this test is the rule that he is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, "not merely in the ultimate result of his work, but in all its details" (Lookout Mountain Iron Co. v. Lea, 144 Ala. 169, 39 South. 1017; Shearman & Redfield, Law of Neg., § 160), and likewise the rule that he is an independent contractor when the service rendered represents "the will of the master only as to the result of his work, and not as to the means by which it is accomplished." Caldwell v. A., B. & A. Ry. Co., 161 Ala. 395, 49 South. 674; T. C. I. & R. R. Co. v. Hayes, 97 Ala. 201, 12 South. 98.

However complex the system of mining or mine operation may be, and whatever the agencies employed toward the accomplishment of the result in view, the relation assumed in a given employment therein is easily ascertained if tested by the rule of all the cases—that the independent contractor represents the will of the owner or employer only as to the accomplished result; while the servant must accomplish that result through the means or agencies provided for him by the master, or in the manner prescribed or required and directed by the master's will. Ala. W. R. Co. v. Tally-Bates Const. Co., 162 Ala. 396, 50 South. 341, 136 Am. St. Rep. 28; Hubbard v. Coffin & Leak, 191 Ala. 494, 67 South. 697; Caldwell v. A., B. & A. Ry. Co., supra; Sloss-Sheffield Co. v. White, 187 Ala. 605, 65 South. 999; L. & N. R. R. Co. v. Williams, supra; Drennen v. Smith, 115 Ala. 396, 22 South. 442; 1 Bailey, Per. Inj. (2d. Ed.) § 38; Kent, Com. (13th Ed.) 266, notes.

[2] Assignments of error 4 and 5 challenge the refusal of the defendant's requested affirmative charge. The complaint alleges that the plaintiff was not a servant of the defendant, but was working on said premises as an invitee, being there employed by an independent contractor. Under the foregoing decisions, and in the light of the evidence showing that plaintiff was a servant of defendant, there was a variance. T. C. I. & R. R. Co. v. Davis, supra. When the affirmative charge was requested in writing by the defendant, the attention of the court was called to the fact that the charge was so requested on the specific ground that the evidence showed that plaintiff was a servant of the defendant at the time of sustaining his injury, and not an invitee, as alleged.

It results that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.