(121 So. 710)

### GENERAL EXCHANGE INS. CORPORATION v. FINDLAY.  (6 Div. 123.)

Supreme Court of Alabama.   April 11, 1929.

J. P. Mudd and W. R. C. Cocke, both of Birmingham, for appellant.

194

Altman & Koenig and B. F. Smith, all of Birmingham, for appellee.

FOSTER, J. Plaintiff's intestate is alleged to have died as the result of an automobile accident. The automobile was being driven by one Lawrence and the accident is alleged to have been the result of his negligence. Lawrence was engaged to drive the car by one Beckham under the following circumstances: Appellant had issued a policy of insurance against the theft of an automobile. It is claimed that the car was stolen, and located at Jasper, some distance away. It is claimed that the owner of the car was Mrs. Beckham, and her husband procured one Findlay, the automobile dealer, to telephone an alleged general agent of appellant advising him of the theft and location of the car, and asking for instructions; that plaintiff's said agent told Findlay "to tell Beckham to go and get the car; that he would pay the expenses to get it and if necessary pay a $25.00 reward to the sheriff; to get the car and bring it back to Birmingham [where plaintiff's alleged agent had his office], and let him make an adjustment on it and make settlement with him for the damage; * * * he said to get the car and he would pay all expenses, to get the car and bring it back to Birmingham, so that he could make an adjustment on it and he would pay a $25.00 reward. He told me to bring it to his office, and get all the necessary help that was needed or expenses." The foregoing is the aspect of the evidence most favorable to appellee.

Appellee claims that Beckham, though an experienced automobile driver, procured Law-rence, a taxi driver, to drive for him, because he did not know the road to Jasper, and had never driven in the traffic of Birmingham, through which it was necessary to go; that he procured decedent to go because the latter was familiar with the people and conditions at Jasper and could help him get the car where it was "tied up"; that he carried his son to drive his car back, though he himself could drive, and another youth as a companion to young Beckham. On this trip to and near Jasper, going for the stolen car, the accident occurred while Lawrence was driving Beckham's car, causing the death of plaintiff's intestate. It was claimed that under such circumstances Lawrence was appellant's agent, and for the death of plaintiff's intestate, due to the negligence of Lawrence, plaintiff is liable on the doctrine of respondeat superior.

Appellant claims it was due the affirmative charge for numerous reasons: One is that under such circumstances the relation did not extend beyond that of an independent contractor, if any relation at all existed between appellant and Beckham, and that it was not that of master and servant. Of course, if Beckham was an independent contractor, his employment of Lawrence did not make appellant the master as to Lawrence, and therefore there did not exist the facts calling for the principle of respondeat superior.

This court has had occasion frequently to point out the distinguishing characteristics between the relation of an independent contractor and that of a servant. A clear and concise statement of such distinction is made in our case of Republic I. & S. Co. v. McLaughlin, 200 Ala. 204, 75 So. 962, to the following effect: The relation is "determined by whether or not the person for whom he is working 'has control over the means and agencies' by which the work is done (Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 So. 721; T. C. I. & R. Co. v. Davis, 194 Ala. 149, 69 So. 544; L. & N. R. Co. v. Williams, 199 Ala. 453, 74 So. 382), [and] or has control over the means and agencies 'by which the result is produced' (Harris v. McNamara, 97 Ala. 181, 12 So. 103). In line with this test is the rule that he is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, 'not merely in the ultimate result of his work, but in all its details' (Lookout Mt. I. Co. v. Lea, 144 Ala. 169, 39 So. 1017)." For the person to be a servant, the other party must retain "the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done" (39 C. J. 35), as he has "a reserved control or direction of the work" (Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869). "Giving orders is

the role of the master." Ala. Power Co. v. Bodine, supra.

An application of this test has been made in numerous cases, with the result of holding that the relation of independent contractor, and not servant, existed, where the person was city salesman on commissions, using his own car (Aldrich v. Tyler Groc. Co., 206 Ala. 138, 89 So. 289); where the person furnished clay by the wagon load to a mudmill of the contractee, getting the clay from pits on lands of the contractee, and was paid by the load (U. S. Cast Iron Pipe & Foundry Co. v. Fuller, 212 Ala. 177, 102 So. 25); where the person mined coal or iron ore for the mine operator, and was paid by the ton mined (U. S. Cast Iron Pipe & Foundry Co. v. Caldwell, 208 Ala. 260, 94 So. 540; Hubbard v. Coffin, 191 Ala. 494, 67 So. 697); where the person was holding the owner's car, for the purpose of repairing it in his own way by the job, and free from direction or control of the owner as to details or manner (Freeman v. Southern Life & Health Ins. Co., 210 Ala. 459, 98 So. 461). This rule was applied in Mississippi to a truck driver selling bread to customers along a route he had selected, wherein the baker did not control him in the manner or method of selling and delivery (Crescent Baking Co. v. Denton, 147 Miss. 639, 112 So. 21); and in Florida, where it is said the right to control the *method* of work is one of the principal considerations (Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503).

■ It is apparent that the evidence in this case, taken most strongly for appellee, does not show that the means, manner, method, time, or any other detail in going and getting the car were suggested or directed or retained by or for appellant, nor were under his control, or that under the arrangement the appellant took any note of or made any reservation of the right to control any such matters. Beckham was thereby left to his own judgment and discretion, when and how he should accomplish the result, and what aid, if any, he should secure. It was not an instance where one particular service could be done only one way with no detail of performance to be left to the discretion of the person doing the service. Beckham perhaps could have gone on the train without assistance. He used his own car in making the trip, but the arrangement did not make any provision for the use of his or any other car.

We think the case of Western Union Tel. Co. v. Morrison, 15 Ala. App. 532, 543, 74 So. 88, is not controlling here. When one instructs another to send a telegram for him, it is not unusual to find that the relation of principal and agent was created for that purpose. The alleged agent was thereby only commissioned to engage the instrumentalities of others. The only purpose of the agent was to engage such services, after which his duties would be fulfilled. If the alleged agent had been commissioned to carry a message (instead of to send a telegram), leaving all the details to him, and he was to choose his own conveyance, occasion, and route, there would be a different legal situation. In the one instance his only authority was to engage one or more agencies, where his commission would be fulfilled; in the other he was himself to accomplish the definite result. His commission did not end with, and was not directed solely to, the employment of other agencies. We think that under such circumstances Beckham did not have authority to engage the services of Lawrence as the servant of appellant in driving the car to Jasper.

■ But assuming that Beckham was appellant's agent in this connection, with authority to employ servants for it, such authority extended equally to engage decedent as well as Lawrence, the alleged negligent car driver, in promotion of the common enterprise. This situation has many features similar to the facts in the case of Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906. In that case the injured party was a vocational student, without compensation, and went on a trip with the ambulance driver, as a part of his training, and to render what help he could. The court held that he was a fellow servant with the driver, and could not, for that reason, recover from the owner for the negligence of the driver.

■ Appellee's counsel in brief state that: "Mr. Beckham arranged with Wess Findlay (deceased) to accompany him to Jasper, and there to aid in dealing with the officials and other persons who held the car. For these services Beckham agreed to pay Findlay's expenses on the trip." There was no pretense of authority to invite any one on the trip except the "necessary help." It is argued that he thereby was invited to be and become a part of such "help." There is no contention that he was going on other business for appellant. He was therefore in that aspect of the case a servant along with other servants of appellant (if any of them were such) to accomplish a specific result. If he was not a servant, he was a guest, and there is no authority claimed to invite a guest who was not a "necessary help," and therefore, if a guest and not a help, we think he was the guest of Beckham, not appellant. Southern R. Co. v. Carlton (Ala. Sup.) 118 So. 458;[1] Barker v. Dairymen's Milk Products Co., 205 Ala. 470, 88 So. 588; Garner v. Baker, 214 Ala. 385, 108 So. 38; Powers v. Williamson, 189 Ala. 600, 66 So. 585.

The complaint alleged that decedent was a passenger in the car at defendant's invitation, and engaged in an errand for defendant. The only errand attempted to be shown was service in furtherance of the enterprise in which the alleged negligent driver of the car was also engaged, to wit, the recovery of

---

[1] 118 Ala. 265.

the alleged stolen automobile. The fact that each was to render a different service in accomplishing the result does not prevent the fellow-servant doctrine from applying, when decedent by his employment was brought into such close relations with the services rendered by Lawrence that the danger from the operations of Lawrence constituted an ordinary danger of the service in which decedent was engaged. Boggs v. Alabama C. C. & I. Co., 167 Ala. 251, 52 So. 878, 140 Am. St. Rep. 28; Birmingham So. R. Co. v. Stephens, 196 Ala. 107, 72 So. 35; Woodward Iron Co. v. Thompson, 205 Ala. 490, 88 So. 438.

We think the affirmative charge was due appellant, and that therefore it is not necessary to consider other questions raised on this appeal.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

