169 So. 335

## NORTH ALABAMA MOTOR EXPRESS, Inc., v. WHITESIDE.

### 7 Div. 204.

Court of Appeals of Alabama.
June 2, 1936.

Rehearing Denied June 30, 1936.

James B. Smiley, of Birmingham, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

Brief did not reach the Reporter.

SAMFORD, Judge.

The one question presented by the assignments of error and brief of counsel for appellant is as to whether the relationship of master and servant existed between appellant and appellee at the time of the injury complained of.

On the hearing before the judge sitting without a jury, the following was found by the court to be the facts as ascertained from the evidence, to wit:

"The Court finds that the defendant, North Alabama Motor Express Inc., a corporation, was engaged in operating a motor freight business in and out of the City of Anniston, Alabama, in Calhoun County, Alabama, and employed in the said business more than sixteen employees. That the plaintiff, H. G. Whiteside, was employed by the said defendant at Anniston, Alabama, his duties at the time of the said accident being to deliver freight to consignees in the City of Anniston from defendant's depot and to call for and receive freight from shippers in the City of Annis-

ton and deliver the same to defendant's depot in the City of Anniston for transportation to points of delivery, to solicit freight shipments, collect bills due the defendant, load and unload freight at the depot of the defendant in Anniston, Alabama, to sleep in the depot of the defendant at Anniston, Alabama, and to receive from connecting motor freight lines freight delivered by said lines to defendant company at its depot in Anniston at night and check and receipt for such deliveries and to load and check out at night to connecting freight lines at Anniston from defendant's depot freight shipments from Anniston to other points not on defendant's freight line. That plaintiff's duties were general as he should be instructed and directed by the local manager of the defendant company at Anniston and performed his work under the supervision and direction of the local manager of defendant's company at Anniston. The defendant company reserved the right of direction and supervision of plaintiff's work and did supervise and direct the plaintiff in the doing of his several duties. That the employment of the plaintiff by the defendant was terminable at the will of defendant and was terminated shortly after the accident resulting in plaintiff's injury. That plaintiff's compensation was fixed at five cents per hundred pounds on all freight delivered to consignee at Anniston and received at Anniston for consignment to other points by defendant company. In delivering and picking up freight, the plaintiff used his own truck and paid the expenses of operating the same. At times, when he was directed by the manager to do so, he would make deliveries or pick up freight with the company's truck. He received instructions from time to time from the manager of the company at Anniston with reference to the manner of his duties in regard to picking up and delivering freight, as well as in the doing of odd jobs which he was instructed to do from time to time by the manager. His average weekly compensation for all of the work which he did, figured on the basis of the freight delivered and picked up, amounted to thirty dollars per week.

"That on December 27, 1934, while employed by the defendant in the manner above stated and while assisting in the loading of a piece of pipe onto a truck at defendant's depot in Anniston, Alabama, a piece of the pipe slipped or turned as it was being lifted and caught the end of plaintiff's finger between the pipe and a plank and mashed off the first joint of the right index finger. The defendant had knowledge of the plaintiff's injury and received notice thereof on, to-wit, December 28, 1934, the day following the said accident.

"That the plaintiff received medical and surgical treatment for his injury and paid the cost thereof which was $18.00.

## "Conclusions of Law

"From the facts found, the court concludes as a matter of law that the plaintiff, H. G. Whiteside, was an employee of the defendant, North Alabama Motor Express Inc., a corporation, and while he was so employed was injured in an accident arising out of and in the course of his said employment, which said accident was the proximate cause of the loss of the first phalange of the plaintiff's right index finger; that the employer, the defendant, had lawful notice or knowledge of said accident and injury; that the average weekly earnings of the said H. G. Whiteside was $30.00 per week and that he is entitled to recover compensation of the defendant at the rate of $12.00 per week for seventeen and one-half weeks from the date of said accident plus the sum of $18.00, the actual cost of his reasonably necessary medical and surgical treatment. And it appearing that the total amount of the said compensation and medical and surgical expense being, to-wit, the sum of $228.00 has already accrued at the time of this decree, the plaintiff is entitled to a judgment in a lump sum therefor.

## "Judgment

"Wherefore, it is hereby ordered, adjudged and decreed by the court that compensation be and the same is hereby allowed and the plaintiff will have and recover judgment against the defendant for the sum of $228.00, the amount of the accrued compensation and medical and surgical fees, together with the court cost in this case, for which let execution issue."

The evidence in the case fully justifies the foregoing statement of the facts upon which the trial court rendered judgment or decree in favor of appellee.

█ It is here insisted by appellant's counsel that the relationship between the

appellant and the appellee was that of an independent contractor rather than that of master and servant. This court, as well as the Supreme Court, has frequently had occasion to point out the distinguishing characteristics between the relationship of an independent contractor and that of a servant. And as was said in the case of General Exchange Insurance Corporation v. Findlay, 219 Ala. 193, 121 So. 710, 711, "a clear and concise statement of such distinction is made in our case of Republic I. & S. Co. v. McLaughlin, 200 Ala. 204, 75 So. 962." Basing its conclusions on the decision in the case of Republic I. & S. Co. v. McLaughlin, supra, and other cases cited in the opinion holding to similar views, the Supreme Court said: "In line with this test is the rule that he is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents 'not merely in the ultimate result of his work, but in all its details.'" In the instant case the right to direct the manner in which the business of appellant should be carried on, as well as the result to be accomplished, was retained by the appellant, who, under the facts, reserved full control or direction over the work. 39 Corpus Juris, 35; Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869.

Much stress is laid in argument of appellant's counsel on the fact that appellee, in rendering service to the appellant, used his own truck in making deliveries of freight coming into the warehouse at Anniston. This fact would not change the relationship. If the appellant retained control of appellee in the way and manner in which the work was done, then the relationship of master and servant existed, and, even if it appear that such additional labor as was necessary to be used in performing the service was furnished by appellee, the rule would not be changed. 39 Corpus Juris, 37(7).

Under the evidence in this case, it is quite clear that the appellant retained the right to direct the manner in which the business at Anniston should be done, as well as the result to be accomplished. The right to control also involves the power to discharge, and is an indicium of the relationship. As an evidence of this fact, appellant exercised its right to discharge the appellee a few days after this accident occurred.

We find no error in the decree of the circuit court, which is in all things affirmed, and the writ denied.

Decree affirmed. Writ denied.