172 So. 895

## GREENWALD v. RUSSELL.

### 4 Div. 931.

Supreme Court of Alabama.

March 4, 1937.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

C. J. Kettler, of Luverne, and Powell & Hamilton, of Greenville, for appellee.

KNIGHT, Justice.

Suit by plaintiff, appellee, to recover damages for personal injuries and property damage.

In count 1 of the complaint plaintiff sues to recover damages for personal injuries, while in count 2 he seeks to recover damages for the killing of one of his mules, and the injury to another. The plaintiff alleges that the injuries to his person and his property were proximately caused by the negligent operation of an automobile, driven by the defendant Phillip Kadis, an agent or servant of the defendant Greenwald, while acting within the line and scope of his employment.

The trial resulted in verdict and judgment for the plaintiff against both defendants, but the appeal is taken only by the defendant Greenwald, and upon the record he has assigned a number of errors, some relating to the admission of illegal and incompetent evidence, and some predicated upon the refusal of the court to give certain charges requested by him.

It was the contention of the appellant that the defendant Kadis was not his agent or servant in the operation of the offending car at the time the accident occurred, nor, in fact, at any time prior thereto; that, on the contrary, the said Kadis was operating his own car, fueled by his own gasoline, paying his own expenses, and going when and where he pleased within the territory assigned him in search of customers; that he was engaged only as a salesman working on a commission basis; that appellant had not intrusted any automobile to the said Kadis, nor had he told him how he must travel, or when or where he should go within the assigned territory. In short, it was appellant's contention that the relation existing between himself and Kadis was that of an independent contractor, not that of master and servant.

In the case of General Exchange Ins. Corp. v. Findlay, 219 Ala. 193, 121 So. 710, 711, it was observed: "This court has had occasion frequently to point out the distinguishing characteristics between the relation of an independent contractor and that of a servant. A clear and concise statement of such distinction is made in our case of Republic I. & S. Co. v. McLaughlin, 200 Ala. 204, 75 So. 962, to the following effect: The relation is 'determined by whether or not the person for whom he is working "has control over the means and agencies" by which the work is done (Warrior-Pratt Coal Co. v. Shereda, 183 Ala. 118, 62 So. 721; Tennessee, C. I. &. R. Co. v. Davis, 194 Ala. 149, 69 So. 544; Louisville & N. R. R. Co. v. Williams, 199 Ala. 453, 74 So. 382), [and] or has control over the means and agencies "by which the result is produced" (Harris v. McNamara, 97 Ala. 181, 12 So. 103). In line with this test is the rule that he is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, "not merely in the ultimate result of his work, but in all its details" (Lookout Mt.

I. Co. v. Lea, 144 Ala. 169, 39 So. 1017).' For the person to be a servant, the other party must retain 'the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done' (39 C.J. 35), as he has 'a reserved control or direction of the work' (Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869). 'Giving orders is the role of the master.' Alabama Power Co. v. Bodine, supra."

This distinction between the relation of an independent contractor and that of a servant was recognized in our recent cases of Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74, and Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276.

This principle was applied in the case of Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 17 A.L.R. 617, where it was held that the relation of an independent contractor, and not servant, existed where the person was city salesman on commission, using his own car, going where and when he pleased in making sales on commission. And to the same effect was our holding in the more recent case of Taylor v. General Refrigeration Sales Co., 231 Ala. 469, 165 So. 572.

■ Giving due effect to all the legal and competent testimony introduced on the trial of this cause, both by plaintiff and defendants, the true relationship existing between the defendant Kadis and the defendant Greenwald was that of an independent contractor and not that of master and servant, and the defendant Greenwald would not be liable to the plaintiff upon the principle of respondeat superior.

However, over the apt and timely objection of the defendant Greenwald, the court permitted the plaintiff to make proof of certain statements of the defendant Kadis, made some thirty minutes after the collision had happened, and after the said Kadis had left the scene of the accident and had gone some distance down the road on his way to Greenville.

■ Some of the evidence, if not all, may have been, and possibly was, admissible as against the defendant Kadis, but was wholly inadmissible for any purpose as against the defendant Greenwald. Agency cannot be proved by the declarations of the agent, nor are the statements of the agent, narrative of a past occurrence, admissible against the principal. Arlington Realty Co. v. Lawson, 228 Ala. 214, 153 So. 425; Mobile Light & R. R. Co. v. Baker, 158 Ala. 491, 48 So. 119; Tennessee River Transportation Co. v. Kavanaugh Bros., 93 Ala. 324, 9 So. 395; Teague v. Alabama Coca-Cola Bottling Co., 209 Ala. 205, 95 So. 883; Alabama Power Co. v. Smith et al., 229 Ala. 105, 155 So. 601; Alaga Coach Line v. Foy, 227 Ala. 506, 150 So. 493.

■■ It will serve no good purpose to treat separately each of the assignments of error presenting the ruling of the court on admission of evidence. Suffice it to say that the court committed error in overruling the objections of the defendant Greenwald to the statements alleged to have been made by the defendant Kadis to the plaintiff and the witness Morgan tending in any way to establish the relation of master and servant between Kadis and the defendant Greenwald, or to show that the defendant carried insurance on the car, or that he was paid a salary of $200 a month in addition to commissions. Likewise the card introduced in evidence, over the objection of the defendant Greenwald, was wholly inadmissible, in the state of the evidence, against the defendant Greenwald. Agency cannot be proven in this way, nor are such declarations of the alleged agent evidence against the principal. Authorities supra. The court erred in overruling the objections of defendant Greenwald to the introduction in evidence, as against him, of the card and the declarations of Kadis.

While the only evidence tending in the remotest degree to show that the defendant Kadis was an agent or servant of the defendant Greenwald, and was acting in the line and scope of his employment at the time of the accident, was incompetent and illegal, yet the court allowed this evidence to go to the jury for their consideration. With this evidence before the jury, and held by the court to be competent, in connection with the evidence tending to show the injuries were proximately caused by the negligence of the said Kadis, it cannot be said that there was no evidence before the jury tending to support plaintiff's right to recover against both defendants. The defendant Greenwald was not, therefore, entitled to the general affirmative charge. However, he is entitled to a reversal of the judgment of

the cause for the admission against him of the illegal and incompetent testimony.

It follows therefore, that, for the errors in admitting the testimony above referred to, the judgment of the circuit court must be reversed. It is so ordered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.