## RHODES v. ROBERTS.

1. The master of a steamboat is liable in trespass for an injury done to t'e person of another, by the discharge of a gun from the boat in his presence and uy his command, and although it proceeded from the want of due care merely.
2. For an injury thus done to the person, smart money or exemplary damages may be recovered.

TRESPASS vi et armis by Roberts against Rhodes, in
the Circuit Court of Dallas county. The declaration
charged that the defendant, being master and commander
of the steamboat Elizabeth, shot and discharged the
steamboat gun from off the same to and against the plain-
tiff, bv which he was wounded, and for a long time pre-
vented from attending to his necessary business, and
19

forced to expend a large sum of money in endeavoring to be cured, &c. Another count charged the defendant with having caused the gun to be shot off and discharged; and another count charged that he assaulted the plaintiff with a gun, &c. General issue. Verdict and judgement for the plaintiff for $1500 damages.

On the trial, evidence having been offered that the defendant was master and owner of the steamboat Elizabeth, and was present, and ordered a person in his employment to fire the gun which wounded the plaintiff. The defendant by his counsel, moved the Court to instruct the jury, that if it was not a wilful act, trespass could not be sustained, and that unless the trespass proceeded from a wilful act, as contradistinguished from negligence or a want of care, the plaintiff could not recover smart money by way of damages; which instructions the Court refused to give, and the defendant excepted.

Rhodes here assigned as errors,

1. The matter set forth in the bill of exceptions.

2. The action should have been trespass on the case.

3. The plaintiff should have averred an indictment and acquittal of the voluntary shooting.

HITCHCOCK and GORDON, for plaintiff.

H. G. PERRY, for defendant in error.

JUDGE WHITE delivered the opinion of the Court.

As to the form of action for the injury charged, whenever the injury is direct and immediate, whether it proceed from design or negligence, trespass will lie. But where the injury is merely consequential, the remedy must be by action on the case. For the act of a servant, or one in the employment of another, although the servant may be liable in trespass, the master is not liable in that form of action unless present, directing, advising or encouraging the act; but if he is present when the act which produces the injury is done by the servant, and directs, advises or encourages it, he makes it his own, and as a principal trespasser, is liable to the party aggrieved in an action of trespass, either jointly with his servant, or separately against himself; and the injury being the result of negligence or want of care, does not exempt him from liability in this form of action.

Where the injury is to the person of the plaintiff, the amount of damages cannot be measured by any certain

and precise standard. The negligence may be very gross and reprehensible, and in all such cases the jury may give sm ut money, if in their view the circumstances are such as to require it. Let the judgement be affirmed.

JUDGE SAFFOLD not sitting.