# Bay Shore Railroad Company v. Harris, pro ami.

*Action on the case to Recover Damages for Personal Injury.*

1. *Trespass or case; when the proper remedy.*—Trespass lies to recover damage for an injury which is the direct and primary, or inevitable result of gross or reckless carelessness ; but when the injury, though próximate, is secondary or consequential, and is not the necessary result of the act of negligence, an action on the case is the remedy.

2. *Contributory negligence ; infant not guilty of.*—An infant under six years of age, is not of sufficient discretion to be guilty of contributory negligence.

3. *Action on the case for personal injuries; prospective damages in.*—In an action on the case for personal injuries, the recovery is not limited to the actual injury, and the suffering sustained and undergone up to the time of the trial, but the plaintiff may recover prospective damages for the disabling effect of the injury.

4. *Charge, not error ; to refuse misleading.*—It is not error to refuse a charge which may mislead the jury, or which requires explanation.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

This action was brought by William Harris, by Drs. Sherrard and Heustis as next friends, against the Bay Shore Railroad Company, to recover damages for a personal injury caused by the alleged negligence of the defendant. The complaint contained only one count, which averred, in substance, that defendant owned and operated a " horse railroad in the city of Mobile ; that on the 12th day of March, 1876, while one of the cars on defendant's said road was being driven along slowly, the driver called plaintiff, who was standing on the sidewalk, to get on the cars, which plaintiff did, as requested ; that he remained on the car until it returned to or near the place where he got on, and then and there, while said car was running at a rapid rate or speed, said driver ordered the plaintiff to jump off said car, which he did as ordered, and plaintiff fell, and then and there the wheels of said car ran over and crushed one of plaintiff's legs, which was thereby fractured and broken, and plaintiff was otherwise greatly injured and wounded, so much that plaintiff had to have said leg cut off to save his life ; that plaintiff was sick, sore and diseased for a long space of time, during all of which time he suffered great bodily pain, and became, and is disabled for life. And plaintiff avers that during the time aforesaid, he became largely indebted to Drs. Sherrard and Heus-

tis for care and medical attention." Defendants demurred to the complaint, on the ground that the action is based on the wilful act of the defendant's servant, and they are therefore not liable, as alleged in the complaint. The court sustained this demurrer, and plaintiff amended his complaint by inserting after the words " the plaintiff, an infant," the words " under six years of age," and by inserting before the words " ordered the plaintiff to jump off," &c., the words, "recklessly and carelessly." Defendant demurred to the amended complaint on the ground that the original complaint " was in form of an action of force," and the amendment is " in form of negligence," and changed the nature of the action. The court overruled this demurrer, and defendant excepted.

The plaintiff was a child under six years of age, and the evidence adduced by him showed that on Sunday evening, March 12, 1876, his mother had gone to church and left him in charge of his brother, who was about fourteen years old. These two boys, and several others, were standing on the sidewalk near their father's house when a car of the defendants came slowly along the road going towards a turn-table which was at the end of the track, some two hundred yards off, and the driver stopped the car and called the boys to come to it ; that the driver asked them to lend him a knife, and told them to get on the car. While in the act of getting on the car, plaintiff's father called to them not to get on the car. They did so, however, without having heard him, and the driver used the plaintiff's knife in cutting some straps for his whip. No one else was on the car except the plaintiff and his brother. They went to the turn-table, and on their return near the place where they got on, and while the horses, which were drawing the car were in a " fast trot," the driver ordered the plaintiff to jump off. Plaintiff was at that time on the front platform of the car with the driver, his brother being inside of the car. In attempting to jump off the car, plaintiff fell, and the car wheel passed over and broke his leg, which was amputated because the physicians thought it necessary to do so to save his life.

The driver of the car testified that plaintiff would sometimes jump on the car without his consent, and against his objection and jump off again, and if plaintiff and his brother were on the car at the time the accident occurred, he did not know it.

The court, among other things, charged the jury that " if you find that the plaintiff was injured by the negligence of the defendant's car driver, and you believe the plaintiff was under six years of age at the time, then contributory negligence can not be set up to defeat his right to recover," and

that the damages are not to be restricted to any special pecuniary loss, but would include present and prospective damages, considering plaintiff's age when injured, his circumstances and position in life, the expenses incurred in nursing and caring for him, and medical attention." The defendant excepted to these charges, and requested several charges, only three of which are necessary to be here set out. " 2. That defendants, as owners of the railroad company, were not liable for the injury if it was caused wilfully by the acts of their agents or servants. 3. The plaintiff can not recover on this complaint on the facts as they are adduced by the plaintiff. 7. That if the injury was occasioned by the carelessness and negligence of the defendant's servant, in the proper discharge of the servant's duty, then the plaintiff can recover only the actual damages shown by the evidence before the jury to have been incurred." The court refused to give these charges, and defendant excepted. There was a verdict and judgment for the plaintiff for $3,000. The action of the court in overruling the demurrer, and refusing the charges, is assigned as error.

ALEX. McKINSTRY, for appellant. (No brief has come into the hands of the Reporter.)

WM. BOYLES, for appellee, cited *Govt. Street R. R. v. Hanlon*, 53 Ala. 70 ; *Hilton v. Middlesex R. R.* 107 Mass. 108 ; *Lovett v. South Danvers R. R. Co.* 9 Allen, 557.

STONE J.—When injury is the direct and primary, or inevitable result of gross or reckless carelessness, an action of trespass will lie. But, when the injury, though proximate, is secondary or consequential—not the necessary result of the act of negligence—then, a special action on the case is the remedy.—*Sheppard v. Furniss*, 19 Ala. 760 ; *Rhodes v. Roberts*, 1 Stew. 145. The injury charged in the present complaint—in the original as well as the amended count—is secondary and consequential ; not the direct, primary, immediate effect of the wrongful or reckless act imputed to the driver. The direct, primary effect was the leap from the car. The consequence was, that the child, by reason of its tender years, being unable to clear the track, was run over and its limb crushed by the wheels. If the driver had thrust or thrown the child on the track, and he was thus run over, all this would have been the direct result of the force employed, and trespass would have been the appropriate remedy.

The plaintiff in this case being under six years of age, was not of sufficient discretion to be guilty of contributory negli-

[Craft v. Russell.]

gence.—*Govt. Street R. R. Co. v. Hanlon*, 53 Ala. 70. The pleadings make a clear case for recovery.—*Phila. & R. R. Co. v Derby*, 14 How. U. S. 468; *Levett v. Railroad Co.* 9 Allen, 557; *Wilton v. R. R. Co.* 107 Mass. 108; *S. C.* 9 Amer. Rep. 11.

Charge numbered 7, asked by defendant, probably asserts a correct legal principle. We think, however, that an average jury would be misled by it into the erroneous conclusion that plaintiff could recover only for the actual injury and suffering he had sustained and undergone at the time of the trial. That is not the rule. He was entitled to recover for the disabling effects of the injury, prospective as well as past. *S. & N. Railroad Co. v. McLendin*, 63 Ala. 266. It is not error to refuse a charge which may mislead, or requires explanation.—*Bynum v. So. Pipe & Pump Co.* 63 Ala. 462; *Duvall & Pelham v. The State, Ib.* 12; *Farrish v. The State, Ib.* 164, and authorities there cited.

Affirmed.