(89 South. 289)

**ALDRICH v. TYLER GROCERY CO. et al.**
**(6 Div. 416.)**

(Supreme Court of Alabama. May 19, 1921.)

**I. Action ⊜⇒30 — Count against servant for negligently striking intestate is on the case and not a "trespass."**

Count alleging that a servant, while acting within the scope of his employment, ran an automobile against plaintiff's intestate, whereby as a proximate consequence of his negligence plaintiff's intestate was killed, states an action on the case against the servant, not an action of "trespass," since in trespass the tort must have been intentionally committed with force,

or the injury must have been the direct result of gross or reckless carelessness, and therefore the count was not demurrable because the master was joined therein, on his liability for his servant's negligence, which is also an action on the case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

**2. Appeal and error ⬯1040(3)—Erroneously sustaining demurrer for misjoinder of defendants held prejudicial.**

Error in sustaining a demurrer to the complaint for misjoinder of parties defendant is not rendered harmless by the fact that thereafter the plaintiff, although he might have taken a nonsuit or have suffered judgment against him and appealed, filed an amended complaint eliminating one of the defendants, and thereafter judgment was rendered in favor of the other defendant.

**3. Master and servant ⬯316(1)—Salesman on commission held independent contractor.**

A city salesman selling goods on commission, who had complete choice of the routes he would take within the territory assigned him, and who furnished his own automobile for visiting his customers, is an independent contractor and not a servant, so that the employer is not liable for injuries inflicted by the salesman's negligence in the operation of his automobile.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by A. L. Aldrich, as administrator of the estate of Minnie Aldrich, against the Tyler Grocery Company and J. K. Shook, for damages for the death of plaintiff's intestate. After demurrer for misjoinder of defendants was sustained, defendant Shook was eliminated by an amended complaint. Judgment for remaining defendant, and plaintiff appeals. Reversed and remanded.

Burgin & Jenkins, of Birmingham, for appellant.

There was no misjoinder of causes of action or parties. 198 Ala. 90, 73 South. 436; 59 Ala. 454; 100 Ala. 511, 14 South. 401; 104 Ala. 537, 16 South. 629; 197 Ala. 512, 73 South. 105; 139 Ala. 101, 34 South. 389; 196 Ala. 659, 72 South. 261; 162 Ala. 570, 50 South. 293; 197 Ala. 470, 73 South. 77. It was a jury question whether Shook was an employee of the Tyler Grocery Company. 198 Ala. 332, 73 South. 519, L. R. A. 1917C, 469; 187 Ala. 579, 65 South. 928; 201 Ala. 261, 77 South. 675; 201 Ala. 138, 77 South. 562; 192 Ala. 362, 68 South. 269; 65 South. 667; 161 Ky. 550, 171 S. W. 162; (C. C.) 130 Fed. 199; 84 N. J. Law, 598, 87 Atl. 345. The mere ownership of the automobile is not a determining factor. 187 Ala. 579, 65 South. 928; 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; 182 Ala. 582, 62 South. 28.

Cabaniss, Johnston, Cocke & Cabaniss, of, Birmingham, for appellee.

Count 1 stated a cause of action in trespass against Shook and a cause of action in case against the corporation. 67 Ala. 6; 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; 197 Ala. 512, 73 South. 103; 198 Ala. 90, 73 South. 438; 26 R. C. L. 930, 931, 983. The error, if error, in sustaining the demurrer, was without injury. Shook was an independent contractor, and not a servant or agent. 97 Ala. 181, 12 South. 103; 144 Ala. 169, 39 South. 1017; 161 Ala. 395, 49 South. 674; 183 Ala. 118, 62 South. 721; 194 Ala. 149, 69 South. 544; 200 Ala. 204, 75 South. 962.

McCLELLAN, J. This action for damages, stated in count 1, for the death of Mrs. Aldrich, was instituted by appellant, administrator, against Tyler Grocery Company and J. K. Shook, the grocery company's "city salesman." Mrs. Aldrich was killed in a public street in Birmingham by her collision with an automobile driven by Shook. Omitting presently immaterial language, this count reads:

"The plaintiff * * * claims of the defendants, J. K. Shook and Tyler Grocery Company, a corporation, * * * damages for that, heretofore, on, to wit, February 2, 1920, while plaintiff's intestate, Minnie Aldrich, was a pedestrian on a public highway in the city of Birmingham, Jefferson county, Ala., to wit, on Twenty-Fourth street between Tenth and Eleventh avenues north, the defendant J. K. Shook, who was then and there a servant, agent, or employee of the defendant Tyler Grocery Company, a corporation, did then and there, while acting within the line and scope of his employment by the said Tyler Grocery Company, a corporation, negligently run an automobile upon or against plaintiff's said intestate, whereby and as a proximate consequence of which said negligence of the said J. K. Shook, while acting in the line and scope of his employment by the defendant Tyler Grocery Company, plaintiff's said intestate was so injured that she died on, to wit, February 3, 1920."

[1] The court sustained demurrer (interposed by both defendants) to this count because of the asserted misjoinder, in a single count, of an action of trespass against Shook, with case against the other defendant, Tyler Grocery Company, to which incorporation Shook bore the allegation is, the relation of servant to it as master. This was error. The allegation is that Shook "negligently ran an automobile upon or against plaintiff's said intestate." This averment does not charge the commission of a trespass by Shook against or upon the person of plaintiff's intestate. To commit a trespass, warranting an action for that cause as distinguished from the distinctive action of trespass on the case, the damnifying tort must:

have been "intentionally committed with force, the immediate consequence of which is injury," or the injury must have been the direct, primary, inevitable result of "gross or reckless carelessness." Bay Shore R. Co. v. Harris, 67 Ala. 6; Ala. Mid. Ry. Co. v. Martin, 100 Ala. 511, 515, 14 South. 401; Taylor v. Smith, 104 Ala. 537, 544, 16 South. 629. Shook's act in the premises, as described in the count, does not imply or import an intention to injure plaintiff's intestate. It is not averred to have been characterized by any degree of wantonness, or even recklessness. To establish the allegation would not exact evidence of anything above a breach of duty amounting to simple negligence. The result —the impact causing injury—is averred to have proceeded from Shook's act in running the car upon or against intestate, but this result does not negative or neutralize the effect of the allegation that this act was but "negligently" done—a term inconsistent with the entertainment of an intention to do the act, as well as with the conscious presence of a wanton or reckless disregard of the probable consequences of the act. The rule requiring the construction of equivocal averments against the pleader, on hearing on demurrer, cannot be allowed to operate to amplify or to contradict the terms a pleader employs to state his cause of action. By the introduction of the term "negligently" in the phrase last quoted from the count, the pleader excluded intention and wanton or reckless disregard of consequences, in running the automobile upon or against intestate, as factors characterizing the tortious act—a measure of exclusion that operated to deprive the court (so far as the defendant Shook was concerned) of an effect to implead Shook in trespass as distinguished from case. This conclusion consists with the discriminative doctrine reproduced above.

Count C, considered in the Abernathy Case, 197 Ala. 512, 535, 73 South. 103, carried allegations expressly characterizing the tortious act as "willful, wanton, or intentional." That case is hence readily distinguishable, doctrinally, from that now under review. In the Hanby Case, 166 Ala. 641, 52 South. 334, the act was an assault and battery. "An assault and battery is not negligence. The former is intentional; the latter is unintentional." 5 C. J. 625. Hence the count there involved imported an intentional act, thus comprehending a factor essential (if its stated equivalent is not present) to a cause of action in trespass, not case, and leading this court to characterize the pleading as stating "a cause of action trespass vi et armis" against the individual (servant) codefendant. The case of National Lunch Co. v. Wilson, 198 Ala. 90, 73 South. 436—an action for an assault and battery—is to be discriminated upon like considerations to those just adverted to; though it is to be noted that in treating the first count care

was taken to accord appropriate effect to the term "negligently," employed therein to characterize the act described, and upon the premise thus laid to deny the basis for a pronouncement of misjoinder in respect of that count.

[2] The error resulting from sustaining the demurrer for misjoinder was not rendered harmless by plaintiff's subsequent amendment of the complaint whereby Shook was eliminated as a defendant to the cause. This amendment was necessitated by the court's erroneous action in sustaining the demurrer of both defendants for misjoinder. The fact that plaintiff might have taken a nonsuit because of this adverse ruling on the complaint, or have suffered judgment against him and thereupon appealed, could not and did not effect to render this error harmless or operate to estop plaintiff from invoking review and revision on the present appeal. This error underlies and prejudicially affects the judgment under review.

The rule illustrated in North Ala. Tr. Co. v. Hays, 184 Ala. 592, 64 South. 39, and adverted to in National Lunch Co. v. Wilson, supra, is not available in this instance to avert a reversal of the judgment as an entirety. In the former, where the plaintiffs prevailed, the judgment appealed from was affirmed as to one defendant and reversed as to the other. In the latter, where, also, the plaintiff prevailed, the judgment was treated as an entirety, and unqualified reversal was entered. There is a serviceable annotation in L. R. A. 1918C, 970 et seq., treating the rights, to new trial and appeal, of joint tort-feasors against whom a single judgment has been rendered. Here, both original defendants joined in the demurrer to the count and both invoked thereby an erroneous ruling by the court. After amendment, eliminating the cause of misjoinder (the joinder of Shook as a defendant), the cause proceeded to judgment in favor of the sole remaining defendant, the grocery company. The fact that the plaintiff (appellant) did not prevail in the trial court discriminates this case from the Hays Case, supra.

[3] Anticipating a retrial, it is appropriate that reference be made to the other matter assigned for error, viz., the conclusion that on the evidence submitted Shook was an independent contractor, not a servant of the Tyler Grocery Company as master in operating the automobile causing intestate's death. This conclusion was required by the pertinent doctrine of the following decisions wherein the subject has been amply treated: Harris v. McNamara, 97 Ala. 181, 12 South. 103; Lookout Iron Co. v. Lee, 144 Ala. 169, 39 South. 1017; Warrior Coal Co. v. Shereda 183 Ala. 118, 62 South. 721; T. C., I. & R. R. Co. v. Davis, 194 Ala. 149, 69 South. 544; Republic Iron Co. v. McLaughlin, 200 Ala. 204, 75 South. 962. Shook was the grocery company's "city salesman." He alone owned

and maintained the automobile causing the injury. He was compensated on a commission basis. He was paid a percentage on orders taken and accepted. He received payment of bills due the grocery company and delivered such payments to it. The grocery company was only concerned in the result of his efforts as salesman. It did not control when, how, or where he secured these orders, except he was not to work another salesman's trade in the territory he (Shook) was entitled to work. The method, means, and occasions of his calls upon the trade was left entirely to him, uncontrolled by the grocery company. The facts that he was lame, that the company knew this fact, that the company knew when he first was engaged that he would and did afterwards visit the trade in a car of his own, maintained alone by him, and that on this occasion Page, his associate or successor as city salesman, was in the car when the injury occurred, did not operate, singly or otherwise, to change Shook's relation from that of an independent contracter to a servant to the grocery company as master in the operation of Shook's automobile on this occasion.

For the error committed in sustaining the demurrer to the original complaint for misjoinder, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.