158 So. 314

**GENERAL REFRIGERATION SALES CO.**
**v. TAYLOR.**

I Div. 818.

Supreme Court of Alabama.

Dec. 20, 1934.

Inge, Stallworth & Inge, of Mobile, for appellant.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Alex. T. Howard, of Mobile, for appellee.

FOSTER, Justice.

Appellee recovered a judgment for personal injuries sustained in an automobile in which she was riding when it collided with another driven by Mr. C. W. Young, in Mobile.

The complaint alleged that at the time of the collision Young was acting in the line and scope of his employment by defendant, and so negligently operated the car he was driving as to cause the collision, and as a proximate result of which she sustained the personal injuries.

Defendant was engaged in the business of selling and distributing the refrigeration plants manufactured by General Refrigeration Company, a company distinct from defendant. Defendant had employed C. W. Young as a salesman for it. He had a certain territory in which to solicit business, and received a salary and commissions, and had a drawing allowance against his commission account. He paid his own expenses and selected his own manner of soliciting business and method of transportation. He owned an automobile which he used as occasion required, but it was in no way connected with his employment. He sometimes traveled on

the trains and busses, and sometimes walked. Defendant made no suggestion or requirement about that nor as to any of the details to be observed by him. He paid all his expenses personally, including the purchase, operation, and upkeep of his car. His commission was on the amount of his sales, and defendant had no right under the contract to control the methods he used or his transportation facilities. He had no right to bind defendant by any contract of sale either for cash or on credit. They were all to be and were submitted to defendant for approval, and were so approved before they were binding.

[1] If the injury to plaintiff had occurred in and about the sale of defendant's goods under the terms of such an arrangement, it would have imposed no liability on defendant. Our decisions are clear that Young was not such a servant of defendant as to make it responsible on the doctrine of respondeat superior. Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 17 A. L. R. 617; General Exchange Ins. Co. v. Findlay, 219 Ala. 193, 121 So. 710; U. S. C. I. P. & F. Co. v. Fuller, 212 Ala. 177, 102 So. 25.

On February 18, 1931, before the accident on March 19, 1931, Young had obtained a contract from one Tanner near Mobile for the purchase of a refrigeration plant from defendant. It was submitted to defendant and approved by it March 9th. Mr. Young had then fulfilled his contract with defendant, and was due to be credited with his commission. He had nothing to do, under his contract with defendant, in respect to the installation of the plant or its subsequent servicing. But he did take a personal interest in its installation, and servicing for the satisfaction of the customer, and his own advertising purposes, but without the knowledge or authority of defendant. Defendant had the plant installed, and Young was present and took part, outside the scope of his employment. Later the customer notified Young that it was not working, and he in turn notified defendant at its office in Birmingham. Defendant had no office in Mobile, and Young reported to the Birmingham office, by which he was employed and to which he reported. The Birmingham office at once sent a man by truck of its own to Mobile to render the service. That was the customary method of handling such a situation. The man sent was an expert mechanic by the name of Daniels. Young was not a mechanic. Daniels engaged Young's son as an assistant. The store was about a mile from the nearest street car service. In servicing the plant at the store on this occasion, Young and his son and Daniels would often go in the car, which Young owned, and they also used the truck. On that day the three men were at the store, and had been so engaged about two days. Young did not work but he was looking after it.

Plaintiff's evidence tends to show that the three left the store in Young's car around 6 o'clock in the afternoon. That before doing so, Young called the Crane Company, in Mobile, requesting them to remain open until he reached there, that he wanted some pipe; that they left and returned about 10 or 11 o'clock that night and worked there all night. The accident happened between 7:30 to 8 p. m. on the way to the city.

The evidence for defendant tended to show that Young went for the pipe about 6 o'clock and returned with it, and about two hours later they were going back to the city for supper, and for no other purpose. On this trip, defendant's evidence tends to show, the accident occurred, when the three were in Young's car, with Young driving.

■ There is no conflict or conflicting tendency in the evidence but that Young was outside the scope of his employment in rendering aid to Daniels and in transporting him to the work. Defendant had furnished Daniels with the means of transportation. St. L.-S. F. Ry. Co. v. Robbins, 219 Ala. 627, 123 So. 12. The service rendered by Young in that connection was a mere courtesy and gratuity. The fact that the pipe was purchased from the Crane Company, and charged to defendant, or that Young prepared stationery showing himself to be the "representative" of defendant did not enlarge the scope of his authority, and did not mislead plaintiff into any dealings with him. All the circumstances shown in the evidence are consistent with the nature of the authority and duty which we have described as existing between Young and defendant manifested by their contract.

It does not appear that Daniels engaged the services of Young to transport him by virtue of any authority from defendant. But it appears to have been purely a gratuity at the suggestion of Young himself so far as anything to the contrary appears.

■ Since the judgment is to be reversed, and a new trial had, we observe that declarations by Young, the automobile driver, subsequent to the occurrence, were not admissible against this defendant, though he was the agent of defendant, since they were not made in connection with the performance of his duties as agent in respect to that transaction, but were merely the narration of a past inci-

482

dent. Teague v. Alabama Coca-Cola Bottling Co., 209 Ala. 205, 95 So. 883.

 This is likewise true in respect to what occurred in connection with the criminal charge against Young, in which he pleaded guilty to a charge of reckless driving.

We do not think it necessary to discuss other questions as they may not arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.