LOUIS WITASZEK, Plaintiff, *v.* CHARLES DREES and Others, Defendants.

SOPHIA WITASZEK, an Infant, by LOUIS WITASZEK, Her Guardian ad Litem, Plaintiff, *v.* CHARLES DREES and Others, Defendants.

Supreme Court, Erie County, June 14, 1935.

*Maurice Frey* [*Clayton M. Smith* of counsel], for the plaintiffs.

*Dudley, Stowe & Sawyer* [*Roy P. Ohlin* of counsel], for the defendant Granger & Co.

*Bernard Maidy* [*Alfred B. Silverman* of counsel], for the defendants Charles Drees and another.

No appearance for defendant Jensen.

HARRIS, J. The cause of action here arises from the collision of two automobiles, one owned by the defendant Weissgerber and driven, with her consent, by the defendant Drees, and the other owned and driven by the defendant Jensen. As to the three individual defendants, the facts as evidently found by the jury are sufficient to sustain the verdicts as against these three defendants, and, therefore, should not and cannot be disturbed.

As to the defendant Granger & Co., the motion (1) to dismiss the complaint (made on the trial and on which decision was held pending the verdict of the jury on certain questions of fact), and if that motion is not granted, then (2) a motion to set aside the verdict and grant a new trial, these motions are based on the fact that the defendant Jensen was an employee of such defendant Granger & Co., and the questions raised on these motions are fraught with sufficient interest as to warrant a discussion by the court of the rules involved before disposing of such motions.

The relationship of the defendant Jensen to the defendant Granger & Co. arose as follows: Being without employment at a time about ten months prior to the occurrence of the collision which gave rise to these lawsuits, he applied to one Collins, who is the treasurer and authorized on behalf of Granger & Co. to hire employees, for a position as salesman. He was informed by the said Collins that Granger & Co. could not give him a salaried position, but that if he desired he could solicit orders from the grocery trade in Buffalo and its vicinity on a commission basis. He consented to the arrangement and then was given a list of grocers in the territory above mentioned and was told that he could and should solicit such grocers except certain persons whose names were on such list and who were then customers of Granger & Co. With and from this list he worked up a route of customers. He was not permitted to have any other employment. His compensation was given him by means of the establishment of a weekly drawing account which was charged against his commissions. His taking of orders and manner of credit were subject to the approval of the credit manager of Granger & Co. In addition to soliciting orders Jensen was required to make collections and to see that accounts that he sold were not delinquent beyond a certain period of time and he was not permitted to make sales to accounts delinquent. He was required to attend weekly meetings of the sales force and in common with the rest of the salesmen of Granger & Co. he reported daily at their office. To the knowledge of Granger & Co. he used his own automobile to travel about the territory which he worked.

Among the customers whom the defendant Jensen secured was the plaintiff Louis Witaszek, who is the father of the plaintiff Sophia Witaszek. The plaintiff Sophia was employed at the time of the accident in the store of her father, and her duties included bookkeeping and collections and clerical work for her father. On the day of the accident (which happened on the evening thereof) the defendant Jensen went to the store of the plaintiff Witaszek. The account of the said plaintiff Witaszek was then delinquent and

in such condition that the defendant Jensen was specifically instructed by the credit manager of Granger & Co. to "get this account in shape," with the further direction that he make no sale on the same until it was in shape. These instructions evidently meant that he was to collect the account of the plaintiff father.

From disputed facts it is evident that the jury has found that on arriving at the store of the plaintiff father, the said plaintiff father asked the defendant Jensen to take an order and was informed by the defendant Jensen that he could not take the order until the account was paid and that it was his duty and errand to collect the account; that being informed that the plaintiff Sophia was about to start out to endeavor to make collection from a customer of the Witaszek store the defendant Jensen stated that he would take Sophia on her collection trip, with the understanding that he was to be paid from the collection made by her that night; that Sophia started out on the trip in the automobile of the defendant Jensen for that specific purpose; that Jensen and Sophia visited the home of that customer of the father twice during the course of the evening, spending the remainder of the time riding around and stopping at other customers who were served by Jensen for Granger & Co.; that after the second visit at the house of the customer of Witaszek, Jensen proceeded to convey Sophia back to the Witaszek store. It was while on that return trip that the accident happened which is the basis of these lawsuits.

So far as the defendant Granger & Co. was concerned, the trial court held as a matter of law that the relations between Jensen and Granger & Co. were such as to make Granger & Co. responsible for negligence to a third party (Sophia) providing that the jury found that the errand on which Jensen and Sophia were, was within the scope of the employment of the defendant Jensen by the defendant Granger & Co. The jury found (on sufficient facts) that this errand was within such scope of employment. It is these rulings of the court which were attacked on the motions made on behalf of the defendant Granger & Co., such defendant Granger & Co. claiming that the relation between the defendant Jensen and the defendant Granger & Co. was, as a matter of law, such a relationship that defendant Jensen was an independent contractor and that, therefore, Granger & Co. was not responsible as principal for torts committed by the said defendant Jensen on third persons without the direction for such commission by the defendant employer.

The relationship of principal and agent may be of two different types:

(1) That of the independent contractor, which may be subdivided into two groups:

(a) Where the principal employs somebody else to get a specific result and retains no control over the employee or agent. These cases include construction. contractors and persons of that type. In regard to such agents or employees the principal or employer is not responsible for torts of physical violence toward third persons except if·the employment is such that the tort will naturally arise from the job committed to the agent, and in these cases the employer or principal may not divest himself of responsibility.

(b) The employment by a principal of an agent to act in a selling capacity, such as that of brokers or factors, in which cases the employer or principal is responsible for torts arising from misrepresentation but not from physical torts except if specifically directed by the principal or employer.

·(2) That type of employment which is based on the fact that the employer or principal retains control of the manner in which the employee or agent performs the task or tasks. These include the master and servant cases and those of similar description. In this type of cases the employer, principal or master is liable for the commission of physical torts by the employee, agent or servant against third persons in the course of employment because of the fact of the control or right of control by the employer, principal or master of the employee, agent or servant with reference to his duties.

(These relationships and the incidents thereto are discussed in '' Restatement· of the Law of Agency,'' American Law Institute, chap. 1, topic 1, §§ 1 and 2; chap. 7, topic 2, §§ 219–249, inclusive.)

In ·addition to the aid afforded this court by these portions of the ·law on '' Restatement of the Law of Agency '' the court has had the benefit from interested counsel of citations of various authorities. However, a number of citations by such counsel have no applicability to the question in point; those not so applicable are citations by plaintiff's counsel of cases arising out of the Workmen's Compensation Law and by counsel for the defendant Granger & Co. of cases involving the liability of employers for loaned or borrowed servants. In these classes of cases the rules of law involved cannot be regarded of great point in the motion .at bar. Neither counsel has submitted to the court the report of any case decided by the courts of this State which in facts is on all fours with those of the action involved in this motion. Certain citations by counsel for the defendant Granger & Co., such as *Aldrich* v. *Tyler Grocery Co.* (206 Ala. 138; 89 So. 289); *Barton* v. *Studebaker Corp. of America* (46 Cal. App. 707; 189 P. 1025), and *Wescott* v. *Henshaw Motor Co.* (275 Mass. 82; 175 N. E. 153) would be decisive of this motion in favor of such defendant if the court felt it wise to adopt

the rules therein stated. However, after reading and studying certain decisions in this State and in other States (below cited), the court does not deem it wise to adopt the reasoning of *Aldrich* v. *Tyler, Barton* v. *Studebaker Corp.* and *Wescott* v. *Henshaw Motor Co.* (*supra*) as and for the law of this State. The question involved in this motion is what is meant by the control of the employee, agent or servant by the employer, principal or master. Does it mean absolute control of every detail or the right to absolute control of every detail of work, or does it mean the right of the employer, principal or master to order the employee, agent or servant to do certain work or a certain task?

Some stress has been laid by the defendant Granger & Co. on the fact that the automobile driven by the defendant Jensen was the property of the defendant Jensen, but by late pronouncement the learned Court of Appeals has held that lack of ownership of the instrumentality by the employer, principal or master is not necessarily decisive of the question of liability of the employer, principal or master. (*Brown* v. *Steamship Terminal Operating Corp.*, 267 N. Y. 83.)

This court believes that the rule of this State is that so long as the employer, principal or master has a right to direct the doing of a task and to state how the employee, agent or servant shall fulfill such task, but does not necessarily exercise such right of ordering the method, then, if the employee, agent or servant, in carrying out such task, commits a physical tort toward a third party, the employer, principal or master becomes responsible for the commission of such tort, and that the action at bar falls within this rule. (*Buck* v. *Standard Oil Co.*, 224 App. Div. 299; affd., 249 N. Y. 595; *Curran* v. *Buckpitt*, 225 App. Div. 380.) And in other jurisdictions see *Ewing & Gaines* v. *Shaw & Co.* (83 Ala. 333; 3 So. 692); *Rexroth* v. *Holloway* (45 Ind. App. 36; 90 N. E. 87); *Huntley* v. *Mathias* (90 N. C. 101).

This being the viewpoint of the court on the question of law involved in the motion herein, and the undisputed facts and the facts decided by the jury having established that the defendant Jensen was sent out specifically to make collection from the plaintiff father and was engaged in such collection and in what would naturally arise therefrom at the time of the accident, it becomes necessary to deny the motions of the defendant Granger & Co.