165 So. 572

### TAYLOR v. GENERAL REFRIGERATION SALES CO.

### I Div. 889.

Supreme Court of Alabama.

Jan. 23, 1936.

Alex. T. Howard, of Mobile, for appellant.

Inge & Stallworth, of Mobile, for appellee.

KNIGHT, Justice.

This is the second appeal in this case. General Refrigeration Sales Co. v. Taylor, 229 Ala. 479, 158 So. 314, 315.

The cause was tried on each occasion in the court below upon the plea of the general issue, and the statutes of limitations of one year. The only defense really insisted upon by the defendant in the lower court was presented by its plea of the general issue.

The question turned upon whether the driver of the car, who, it is alleged, so negligently operated it, that, as a· proximate consequence of such negligence the plaintiff was caused to suffer the injuries catalogued in her complaint, was an agent or servant of the defendant, and acting at the time within the scope and line of his duties and employment.

That the evidence was sufficient to carry the case to the jury on the question of the negligence of Young, the driver of the car, and that plaintiff's injuries were proximately caused by the negligence of this driver, we are of the opinion there can be no just ground upon which to rest a doubt of any sort. Whether the driver of the car in which plaintiff was riding was also guilty of negligence, contributing, proximately, to her injury, is not raised by any pleadings in the cause.

On the last trial the court, on motion of defendant, excluded all the testimony given by the plaintiff's witnesses John Fagerstrom, J. R. Ingersoll, R. Herndon Radcliffe, T. L. Smith, Louis Demeteropolis, and C. J. Burton, and later gave the general affirmative charge for the defendant. This charge was given upon the theory that the evidence wholly failed to show, by inference or otherwise, that Young, the driver of the offending car, was an agent or servant of the defendant, and acting at the time within the line and scope of his duties and employment.

On the former appeal in this case we held that there was "no conflict or con-flicting tendency in the evidence but that Young was outside the scope of his employment in rendering aid to Daniels [the defendant's mechanic] and in transporting him to the work. Defendant had furnished Daniels with the means of transportation."

We further held that "all the circumstances shown in the evidence are consistent with the nature of the authority and duty which we have described as existing between Young and defendant manifested by their contract."

Justice Foster, in writing for ·the court on the first appeal, stated the salient facts relied upon by plaintiff to show that Young· was, at the time of the accident, an agent or servant of the defendant, and acting in and about the master's business, and within the line and scope of his employment. · On the trial following the reversal and remandment of the cause, the plaintiff offered further and additional evidence in an effort to show the extent and scope of the employment and duties of Young, and to show that his employment and duties were such as to create between him and the defendant the relation of master and servant, and thereby to render the defendant liable for the negligent act of Young under the doctrine of respondeat superior.

The appellant insists that this new or additional testimony was sufficient to carry the case to the jury on the question of Young's agency and the scope of his duties and employment. That it either showed that the said Young was a general agent of the defendant in the Mobile territory, engaged in the performance of his regular duties at the time of the collision, or that his acts and conduct during the years of his employment, known to the defendant, were such as to warrant a finding by the jury that the defendant had ratified such acts and conduct, or, in effect, had adopted and acquiesced in such an interpretation of the duties imposed by his contract of employment.

■ We have carefully read and considered all the evidence offered by the plaintiff, or otherwise appearing in the case, and relied upon to show that the relation existing between said Young and the defendant, at the time of the collision, was that of master and servant, and that in driving his car along Springhill avenue on the night of the collision and at the time the injury of the plaintiff occurred, the said

Young was acting within the line and scope of his said employment or agency.

All of this new testimony is entirely consistent with the nature of the authority and duty existing between said Young and defendant as evidenced by the contract. To hold otherwise, would do violence to the true meaning and interpretation of their agreement. No doubt Young was greatly interested in seeing that refrigeration plants sold by him gave satisfaction. No doubt this personal interest led him to see that the mechanics sent by the defendant to repair, or to adjust the plants, made proper repairs and adjustments. That he gave considerable time to this supervision, prompted solely by his personal interest, we do not doubt in the least. This was good advertisement, beneficial personally to him in soliciting business from others, and redounded to his personal gain. But, under his contract with the defendant, such acts were gratuitous, and wholly outside the scope and line of his duties. He was a sales agent, without even the power of binding the defendant by any contract of sale. All sales made by him had to be reported to, and approved by the defendant, before a sale could be consummated. He went where he pleased in search of customers, traveling in such ways as he might choose, paying his own expenses. The car he drove at the time of the collision was his own car, and defendant had no interest in it, or control over it.

After giving due weight to all the evidence in the case, and to all of its legitimate tendencies, we are of the opinion that Young was not such an agent or servant of the defendant, at the time of the collision between his car and that driven by Mrs. Overcast, as to render the defendant liable for his negligent acts, under the doctrine of respondeat superior.

The evidence shows that the said Young was only a salesman for defendant, working, it is true, on a salary, with commissions, that he went where he pleased, and when he pleased, traveling according to his own inclination, on train, bus, or in an automobile. He paid his own expenses, and the automobile which he was driving at the time of the accident was his own property, purchased with his own money, and for his own convenience. The defendant had no control over his movements, and no right to select, or direct how he should travel.

Under such conditions, the defendant could not be held liable for damages to one injured by the negligent operation of an automobile driven by Young. General Refrigeration Sales Co. v. Taylor, supra; Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 17 A.L.R. 617; General Exchange Insurance Corporation v. Findlay, 219 Ala. 193, 121 So. 710; United States C. I. P. & F. Co. v. Fuller, 212 Ala. 177, 102 So. 25.

The defendant had not intrusted to Young the use of an automobile. The defendant's contract with Young in no way contemplated that Young, in soliciting business, should travel by automobile, or in any particular way. But it did contemplate and provide that whatever might be his means or mode of travel, he, Young, at his own expense, should furnish the same. This is not a case where the master has placed in the hands of the servant a dangerous instrumentality, and, therefore, must see, at his own peril, that the instrumentality is not negligently used. St. Louis-S. F. Ry. Co. v. Robbins, 219 Ala. 627, 123 So. 12; Gulf Refining Co. v. McNeel, 228 Ala. 302, 153 So. 231.

While under the evidence Young was an agent of defendant for the sale of its goods and wares, he was not an agent of defendant in the operation of the automobile, the instrumentality which caused the injury. Nor does the fact that Young was paid a salary, with commissions, under the facts stated, make the defendant liable for damages for the negligent operation of the automobile. Pyyny v. Loose-Wiles Biscuit Co., 253 Mass. 574, 149 N.E. 541; Dohner v. Winfield Wholesale Grocery Co., 116 Kan. 237, 226 P. 767; Ramp v. Osborne, 115 Or. 672, 239 P. 112; Goldsmith v. Chesebrough, 138 Md. 1, 113 A. 285.

The trial court could, with propriety, have overruled defendant's motion to exclude the testimony of the plaintiff's witnesses Fagerstrom, Ingersoll, Ratcliffe, Smith, Demeteropolis, and Burton, and possibly should have done so, but the trial court will not be put in error in excluding the testimony of said witnesses, for, with the testimony in or out, the defendant was entitled to the general affirmative instruction, for the failure of the evidence to show that the said Young was at the time of the collision a servant or agent of the defendant, and acting within the line and scope of his authority.

We are, therefore, at the conclusion the court committed no reversible error in excluding the testimony of the above-named witnesses, nor in giving the general affirmative charge, with hypothesis, for the defendant, at its written request. The judgment of the circuit court is, therefore, due to be, and is accordingly, affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.