FRANK G. HANSSEL, Doing Business as the FRANK G. HANSSEL COMPANY, Respondent, Appellant, v. P. TOMASETTI CONTRACTING CORPORATION, Appellant, Respondent, and BUFFALO SEWER AUTHORITY, Respondent.— Judgment affirmed, without costs of this appeal to any party. Memorandum: The labor, materials and use of equipment for which the plaintiff-subcontractor seeks to recover herein were furnished by direction of Buffalo Sewer Authority and were required to be furnished before work then remaining to be done under the subcontract was permitted to be advanced. The work thus ordered required plaintiff to excavate at the site of the work to a depth below the lowest level of which the contract, plans and specifications gave notice. It was in the soil below the original contract depth that conditions were encountered which required the performance of the said work, which was done by the plaintiff under direction of the Authority's engineers and with the knowledge and consent of the primary-contractor. (See *Cauldwell-Wingate Co.* v. *State*, 276 N. Y. 365, 375–377.) Our affirmance of that part of the judgment now before us, which dismisses plaintiff's complaint against Buffalo Sewer Authority, rests upon our conclusion that there was no

proof of privity of contract between plaintiff and the Authority, nor was a substitute for privity established by showing that the plaintiff was intended to be benefited or obligated by the Authority's agreement with the primary-contractor. (*Fosmire* v. *National Surety Co.*, 229 N. Y. 44, 47, 48.) All concur. (The judgment dismisses plaintiff's complaint as to one defendant and awards judgment against the other defendant in an action on a contract.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.