HOWELL v. SHEPHERD et al.—196 S. W. (2d) 849.

Western Section at Jackson. December 11, 1945.

Petition for Certiorari denied by Supreme Court, May 4, 1946.

376

Thomas L. Robinson, John E. Robinson and Charles L. Neely, all of Memphis, for Howell.

Albert G. Riley, of Memphis, for defendant F. N. Burt Co., Inc.

KETCHUM, J. Plaintiff in error Howell sued the defendants William Franklin Shepherd, Lydia F. Darragh and William H. Darragh for damages for personal injuries sustained by him in an automobile collision between an automobile which he was driving and one driven by Shepherd, on Highway 70 in Shelby County, on October 28, 1942. Some time later F. N. Burt Company, a foreign corporation, engaged in business in Buffalo, New York, was made a party defendant by service of process upon the defendant Shepherd as its alleged "employee and State representative," in the manner provided by section 8676-8679 of the Code. The Burt Company filed its plea in abatement in which it averred that it was a Delaware corporation having its principal place of business in the City of Buffalo, New York, that it had no office or agency in the State of Tennessee, that the defendant Shepherd was not its employee or State representative in this State upon whom process against it could legally be served; but was a broker or independent contractor who solicited orders or contracts from persons and corporations engaged in business in Tennessee for the purchase of products manufactured by it, which orders or contracts were accepted or rejected by it at its place of business in Buffalo, New York; and if accepted

such goods were shipped by interstate transportation to the purchasers in Tennessee; that Shepherd was paid a commission on the purchase price of goods so shipped, but was paid no salary, and no allowance was made to him for his expenses; that it gave him no instructions or orders as to the time when or the manner in which he should solicit orders, or the means by which he should travel in soliciting orders for its goods, or whether in soliciting orders he should travel by automobile or by bus or by train; and that it did not authorize or direct him to use the automobile he was driving at the time the accident occurred; that Shepherd was not driving said automobile on its business at the time but on a mission of his own.

Issue was joined on this plea and proof was heard thereon by the court in advance of the trial on the merits, and the court overruled the plea and required the defendant to plead. The Burt Company excepted to this action of the court, filed a motion for a new trial which was overruled, whereupon the Burt Company preserved its wayside bill of exceptions.

The cause then proceeded to trial on the merits before the court and jury, and during the trial a voluntary nonsuit was taken as to the defendants Lydia F. and William H. Darragh; and at the close of the plaintiff's evidence a motion of the defendant F. N. Burt Company, Inc., for a peremptory instruction in its favor was granted and the plaintiff's suit was dismissed as to it.

There was a verdict and judgment for $4,000 against the defendant Shepherd from which he did not appeal. After an unsuccessful motion for a new trial the plaintiff appealed in error from the judgment dismissing its suit as to the Burt Company, and the Burt Company appealed

in error from the judgment of the court overruling its plea in abatement.

The plaintiff in error Howell has filed only one assignment of error, which is based upon the action of the trial court in sustaining the motion of the Burt Company for a directed verdict and dismissing his suit against it. The only issue raised by the assignment is whether the defendant was the agent or servant or employee of the Burt Company, engaged in its business and acting within the scope of his authority at the time of the collision, so as to entitle the plaintiff to invoke the rule of respondeat superior against it.

The trial judge in sustaining the motion for a directed verdict found as a fact from the undisputed evidence that Shepherd was not such an agent, servant or employee of the Burt Company, but was an independent contractor and "that he handled the business of his company in his own manner and by any method he desired, called upon the customers he desired to call upon when he chose to do so, and used the method of travel he desired to use; that he was not subject to the control of the company except as to the results of his work; that the F. N. Burt Company did not reserve to itself any right to control Shepherd in his activities and efforts in the company's behalf."

We concur in this finding and conclusion of the court. We further find from the undisputed evidence that the Burt Company gave Shepherd no orders or instructions as to the times when or the means by which he should travel in going to see his customers to solicit their orders; that he came and went as he pleased and travelled by train or by automobile or by bus, as he preferred. He had only six or eight customers, all but two of whom were engaged in business in Memphis where he resided. Those

two were the Wolf Creek Ordnance Plant at Milan and a cosmetic manufacturer at Paris. He was returning from a trip to see these two customers when the accident occurred.

On the trial of the case the plaintiff called Shepherd as his witness for the purpose of proving that he (Shepherd) was the agent of the Burt Company. His testimony corroborated that of the officers of the company. In the course of his testimony he stated that he was sometimes called upon "to service the accounts" of his customers. By this, he explained that when any differences came up, he was asked to see the customer and try to get the matter satisfactorily adjusted; but he made it clear that he had no authority to make adjustments, or to give any credits, but could only make recommendations to the defendant; that he was interested in keeping the customer satisfied, and that this was what he meant by the expression "servicing their accounts."

Another way of servicing the accounts of his customers was by pooling their shipments so as to get the benefit of carload freight rates. The rate on LCL (less than carload) shipments was approximately double the rate on carload shipments, and by pooling the shipments of several customers in one car he could get for them the benefit of the carload rate. This was for his advantage as well as theirs, and helped him to get their business.

Shepherd had a group life insurance policy issued to him by the Metropolitan Life Insurance Company as an employee of the Burt Company, and this fact is relied on as proving that he was an employee of the defendant.

The defendant also furnished Shepherd with its regular letterheads in a corner of which his name, post office box number and telephone number were printed; and it

also furnished him with its printed order forms in triplicate for use in soliciting orders.

Shepherd did not own an automobile at the time of the accident. The car he was driving had been loaned to him for the day by his friend William H. Darragh. It belonged to Miss Lydia F. Darragh, the sister of William H. Darragh, and was registered in her name and she did not know that her brother had loaned it to Shepherd.

Under the facts as above stated we are of opinion that the relationship of principal and agent or master and servant did not exist between the Burt Company and Shepherd, but that the latter was an independent contractor. In Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, 296, 17 A. L. R. 617, the Grocery Company and its city salesman Shook were sued for damages for the death of the plaintiff's intestate as the result of having been run over by an automobile owned and operated by Shook. The facts were that "Shook was the grocery company's 'city salesman.' He alone owned and maintained the automobile causing the injury. He was compensated on a commission basis. He was paid a percentage on orders taken and accepted. He received payment of bills due the grocery company, and delivered such payments to it. The Grocery Company was only concerned in the result of his efforts as salesman. It did not control when, how, or where he secured these orders, except he was not to work another salesman's trade in the territory he (Shook) was entitled to work. The method, means, and occasions of his calls upon the trade was left entirely to him, uncontrolled by the grocery company. The facts that he was lame, that the company knew this fact, that the company knew when he first was engaged that he would and did afterwards visit the trade in a car of his own, maintained alone by him, and that on this occasion Page,

his associate or successor as city salesman, was in the car when the injury occurred, did not operate, ingly or otherwise, to change Shook's relation from that of an independent contractor to a servant to the grocery company as master in the operation of Shook's automobile on this occasion.''

■ The authorities are in agreement that the doctrine of respondeat superior has no application where the driver of the automobile doing the injury is an independent contractor and not the agent or servant of the employer. On this subject the rule is stated in 5 Am. Jur., page 727, section 392 as follows: ''If the relation between an employer and a salesman or collector is that of independent contractor rather than that of master and servant, the employer cannot be held accountable for the negligence of the salesman or collector while using an automobile in the furtherance of sales or collections. It is essential, in order to hold an employer liable for injuries inflicted by an automobile while being driven by or for a salesman or collector, that the relation of master and servant exist, it being well established that an employer is not as a general rule liable for the negligence of his independent contractor or the latter's servants.''

On this subject see notes in 17 A. L. R. 621; 29 A. L. R. 470; 54 A. L. R. 627; and 107 A. L. R. 420.

■ One of the principal factors in determining whether the relationship between the parties is that of principal and agent or master and servant, on the one hand, and employer and independent contractor, on the other, is the character of control reserved by the employer over the doing of the work. If he reserves the right to control or direct the time, place and methods and means by which the work is to be done, the relationship is that of principal and agent or master and servant; on the other hand,

if he is concerned with the results only and the employee is allowed to perform the work in any manner he pleases as to time, place, means and methods, and is accountable only for results, then he is an independent contractor.

An illustration of this distinction is found in Income Life Insurance Co. v. Mitchell, 168 Tenn. 471, 477, 79 S. W. (2d) 572, 574, where it is said: ''Upon analysis of all our decisions, it will be seen that the determinative distinction to be kept in mind is that between the reservation in the employer of the right to control as to results only; and the right to control or direct as to the means and methods by which the work of the employed shall be done.''

In that case Mitchell was an insurance agent working under a yearly contract on a commission basis and over whom the company reserved no control as to where he worked, or the time he put in, and who was only required to report to the company once a week and pay in his collections less his commissions. Under these facts he was held to be an independent contractor.

Another illustration of this distinction is found in the case of American National Insurance Company v. Poole, 24 Tenn. App. 596, 148 S. W. (2d) 14, in which it was held that the insurance company was not liable under the doctrine of respondeat superior for the torts of a soliciting agent. The determining question in the case was whether the status of Booth, the solicitor, was that of an independent contractor. He was operating under an agency contract and was given a certain territory. He owned an automobile which he operated at his own expense. He was not compensated for the use of his car. He was paid a commission for his services. He employed his own methods of soliciting applications, and determined his own method of travel and the hours he worked.

Nö directions were given him as to whom he should solicit or as to what prospects he should see. It was held that he was an independent contractor and that the company was not liable for the injuries suffered by a pedestrian as the result of Booth's negligent operation of his automobile.

The leading definition of an independent contractor is that he is "one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to control of his employer, except as to the results of his work. . . . 'In every case, the decisive question is, had the defendant the right to control, in the given particular, the conduct of the person doing the wrong?'" Powell v. Virginia Construction Co., 88 Tenn. 692, 697, 13 S. W. 691, 692, 17 Am. St. Rep. 925; Gulf Refining Co. v. Huffman & Weakley, 155 Tenn. 580, 587, 297 S. W. 199; Copeland v. Cherry, 20 Tenn. App. 122, 127, 95 S. W. (2d) 1275.

On the other hand the test of the relationship of master and servant is defined in the recent case of McDonald v. Dunn Construction Co., 182 Tenn. 213, 220, 185 S. W. (2d) 517, 520, in the following language:

"At law, the well known test of the existence of the relationship of master and servant is whether the employer has the right or duty of directing the employee as to the details of his employment and when, as here, the question is in an action for negligent injury, the test of the employer's liability is whether it was his duty to instruct and direct the servant in the details of the particular 'means' or 'method' of employment, out of which the injury arose. . . .

"The rule that this Court has approved, making the test the right to control at the time and in the details of

the means and method of employment in which the accident arose, is generally accepted.''

When the relationship of master and servant exists and the servant is using his own car or a rented car about the master's business at the time of the injury, the master will be held liable for the negligence of the servant under the doctrine respondeat superior if the servant's use of the automobile was authorized by the master, either expressly or impliedly; but the master will not be held liable where the use of the automobile or vehicle operated by the servant is not expressly or impliedly authorized by the employer, and he exercises no control over its operation. 5 Am. Jur. 728, 729, paragraph 393. See National Life & Accident Insurance Co. v. Morrison, 179 Tenn. 29, 162 S. W. (2d) 501, where the cases on this subject are reviewed and analyzed at length.

As shown above the right of the master to control the activities of the salesman or employee is the principal determining factor in such cases. The cases of Ely v. Rice Bros., 26 Tenn. App. 19, 167 S. W. (2d) 355; and Knight v. Hawkins, 26 Tenn. App. 448, 173 S. W. (2d) 163, and Tennessee Valley Appliances, Inc., v. Rowden, 24 Tenn. App. 487, 146 S. W. (2d) 845, are distinguishable from the case at bar upon this ground. In the Ely case the facts as stated by the court were that the defendants Rice Bros. Auto Company, ''by the contract of employment, had control over the activities and mode of travel of Faircloth. It could and did require his presence on the used car lot, at least at opening and closing time and while there he performed services in defendant's interest. His mode of travel was dictated by the nature of the services to be performed as well as by the terms of the agreement. The fact that he was paid a commission

rather than a salary is not controlling'' [26 Tenn. App. 19, 167 S. W. (2d) 357].

And it was said that where the facts are as consistent with the relationship of master and servant as with that of independent contractor, the issue was for the jury.

The same distinction is recognized in Knight v. Hawkins, supra. Knight was a district agent of the insurance company and was on his way to attend a meeting of agents at Dyersburg at the time of the accident. It was said [26 Tenn. App. 448, 173 S. W. (2d) 167]: "He was not required to use his own car in his business, but was accustomed to do so, and the company acquiesced in it by paying for the use of his car when he did use it; and it did so on this occasion. He was using the automobile in the company's business and within the scope of his duties at the time this accident happened."

The distinction is also recognized in the case of the Tennessee Valley Appliances, Inc., v. Rowden, supra, which is also relied upon by the plaintiff.

 The plaintiff in the brief argues that the Burt Company had the right to discharge Shepherd at any time and that this was proof of the relationship of employer and employee. The record seems to be silent upon this question; but granting that Burt did have such right, this is persuasive but not controlling. It was said in Income Life Ins. Co. v. Mitchell, supra, that this "was a circumstance of much importance" in determining whether the relationship of employer and employee existed; but that the principal consideration in determining the question was the right to control the manner of doing the work, citing Odom v. Treadway, 156 Tenn. 202, 210, 299 S. W. 1045, 1047; 31 C. J. 473. See also 42 C. J. S., Independent, pages 638-640. And it was held in that case that Mitchell was an independent contractor.

■ Being of opinion that the undisputed evidence shows that Shepherd was an independent contractor and not a servant or agent of the Burt Company we find no error in the action of the trial judge in sustaining the latter's motion for a peremptory instruction. Having reached this conclusion it is unnecessary for us to consider the Burt Company's assignments of error on its appeal.

■ There is no merit in the plaintiff's contention that the action of the court in overruling Burt's plea in abatement was res adjudicata; the trial on the merits of the case was upon an entirely different issue and upon entirely different proof from that heard on the plea in abatement. On the trial on the plea in abatement the issue was whether the Burt Company was engaged in business in Tennessee and whether Shepherd was its agent upon whom process against it could legally be served; while on the trial on the merits the issue was whether Shepherd was its agent or servant engaged in its business and acting within the scope of his authority at the time of the injury to the plaintiff, so as to render the Burt Company liable for his negligence under the doctrine of respondeat superior or whether he was an independent contractor.

Upon the entire record we find no reversible error in the action of the trial court and we accordingly affirm his judgment. The plaintiff Howell will be taxed with the costs.

Anderson, P. J., and Baptist, J., concur.