Benjamin Brenner, J.
Plaintiff Cerp, a subcontractor, sues Trapani, the owner of the construction site, for the amount due it for work ordered by Cleary, the purported general contractor. Recovery is sought on two theories: first, that plaintiff is the third-party creditor beneficiary of a cost-plus contract between Trapani and Cleary; and second, that Cleary was acting as agent for Trapani, relative to plaintiff’s work as subcontractor.
Plaintiff has failed to show it is a third-party creditor beneficiary under the primary construction contract, which provided for payment of construction costs, plus 10% commission thereon. An intent to benefit the third party, or a beneficial interest in the enforcement against the promisor, are the essential prerequisites for recovery under the classic theory of Lawrence v. Fox (20 N. Y. 268 [1859]). These are lacking under the instant contract which, in and of itself, shows no intent that Trapani pay plaintiff or other subcontractors for work done by them. Moreover, no beneficial interest in the payments made by Trapani to Cleary has been demonstrated though these were fixed by sums payable to subcontractors. The checks issued to Cleary were not conditioned upon or, by intent or practice, indorsed over for ultimate payment to them. Indeed, performance by Trapani did not, even by inference, benefit plaintiff — a situation unlike that prevailing in Cappello v. Union Carbide & Carbon Corp. (200 Misc. 924) wherein the promisor agreed to pay the obligations of the promisee.
The evidence disclosed that while the checks issued by defendant to Cleary were not earmarked for specific work done, the notations on the check stubs did identify services performed and material furnished by plaintiff and other subcontractors. This fact is not evidence of an intent to benefit plaintiff under the primary construction contract, but of a bookkeeping procedure to establish total construction cost and the amount owed to Cleary. I must conclude, therefore, that while defendant’s testimony to the effect that he was not interested in plaintiff’s services or charges to Cleary is incredible (since these actually increased his costs), the record as to payments establishes no more than an indirect or incidental benefit accruing to plaintiff.
Ordinarily a subcontractor is not the third-party beneficiary of a contract between the owner and the contractor (Hanssel v. Thomasetti Contr. Corp., 257 App. Div. 1031, revd. on other grounds 283 N. Y. 164), and unless the contract states that performance is to be rendered to the third party, or otherwise clearly indicates that he is to be more than merely an incidental beneficiary of such performance, the subcontractor may not *491 recover on the contract (McGrath v. American Sur. Co. of N. Y., 307 N. Y. 552; Daniel-Morris Co. v. Glens Falls Ind. Co., 308 N. Y. 464). I know of no authority which would create an exception to this rule in the case of a cost-plus contract. Here the performance on the part of Trapani called for payment to Cleary and was to be rendered only to Cleary. Plaintiff was thus no more than incidentally affected thereby and not entitled, by inference or otherwise, to payment purely on the basis of the cost-plus nature of the contract.
The arrangement does, however, substantiate plaintiff’s theory that Cleary was truly Trapani’s agent. Although the method of payment is not determinative of the relationship between the parties, it is an element to be considered in determining that relationship, indicative of the fact that Cleary was other than a completely independent contractor (Sullivan v. Dunham, 35 App. Div. 342, affd. 161 N. Y. 290 ; Ann. 55 A. L. R. 291, 292). It should be borne in mind, too, that the right of the alleged principal to control the performance as well as the results of the agent’s work is an essential element in the principal-agent relationship (cf. Uppington v. City of New York, 165 N. Y. 222; Witaszek v. Drees, 155 Misc. 838, revd. sub nom. Haykl v. Drees, 247 App. Div. 90).
Aside from the provision for Trapani’s general supervision and direction contained in paragraph 8 of the agreement between Trapani and Cleary, paragraph 3 states: ‘1 The work included in this contract shall be done under the direction of the said owner, and the owner’s construction of [the] drawings or the terms of [the] specifications shall be binding upon the parties hereto.” Additionally, the agreement varies the standard printed contract between owner and contractor by eliminating the provisions concerning the services of the architect. The powers of supervision and direction usually reserved for the architect are reserved expressly for the owner in paragraphs 5, 6, 7, 10 and 11. These contractual terms plainly provided for active and supervisional control by Trapani and for little, if any, independence of action on the part of Cleary.
Trapani’s testimony to the effect that he never concerned himself with the construction work or had any interest in payment to subcontractors is unworthy of belief, as above indicated. Yet even if it be credible that he did not ordinarily involve himself in the day-to-day work of construction, he was present when Cerp was hired and was on the job site almost every day, according to plaintiff. He even took part in a conversation between Cleary and a buildings inspector, which resulted in a direction to plaintiff to perform its work in a different manner. *492 In any case, the terms of the contract do afford to Trapani the right to direct the work in its detail, which is a basis for liability, whether or not he ordinarily exercised that right (Witaszek v. Drees, 155 Misc. 838, revd, on other grounds 247 App. Div. 90, supra).
Assuming arguendo that true supervision by Trapani is lacking and that this does not suggest a finding of factual control, the combination of the cost-plus method of payment and the contractual right of control is sufficient to establish agency. The fact that the parties did not understand the exact nature of the relationship is not significant, if the agency may be reasonably implied from their words and conduct (Krstovic v. Van Buren, 200 App. Div. 278, revd. on other grounds 235 N. Y. 96; Rubenstein v. Small, 273 App. Div. 102).
Finally, it is to be observed that a principal may be held upon his agent’s contract if the agent acts within his authority or if the principal subsequently ratifies the agent’s acts (Industrial Mfrs. v. Bangor Mills, 283 App. Div. 113, affd. 307 N. Y. 746). In this case both predicates of liability are present. The contract between Trapani and Cleary authorized Cleary to subcontract for the work done by Cerp, and Trapani personally offered to make available $6,000, most of the unpaid balance due, for Cleary’s payment to plaintiff, thus ratifying the contract between Cerp and Cleary. The conclusion is therefore inescapable that under all the circumstances, the existence of an agency is the only reasonable construction of the relationship between defendant and Cleary, entitling plaintiff to judgment as claimed.
In light of what has been said, I have not reached nor does it appear necessary for me to resolve the issue presented by plaintiff’s petition, joined in this action, for the satisfaction of plaintiff’s judgment against Cleary out of available and unpaid sums due by the defendant to Cleary.