To recover against Chevron on the theory of respondeatsuperior, plaintiff must establish the status of master and servant between Chevron and McDonald. Alabama Power Co. v.Bodine, 213 Ala. 627, 105 So. 869 (1925). This Court has stated that in order for a person to be considered a servant, the employer must retain "the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done." General Exchange Ins. Corp. v.Findlay, 219 Ala. 193, 194, 121 So. 710, 712 (1929). I am unable to find any evidence in the record indicating that Chevron retained the right to direct the manner of the work to be performed or actually exercised control over McDonald Petroleum's operation of its vehicles. The truck and trailer involved in the collision were owned by McDonald Petroleum. McDonald Petroleum had the exclusive right to hire, pay, control, direct, and discharge any and all of its officers or employees without any interference by, or suggestions from, Chevron. Chevron had no authority to hire, control, direct, or discharge any officer or employee of McDonald Petroleum. No officer or employee of McDonald Petroleum was paid by Chevron. Evidence in the record also supported Chevron's contention that McDonald Petroleum was not obligated to deliver only Chevron gasoline, but was free to deliver the petroleum products of other producers.
I respectfully submit that the majority's reliance on the line of cases involving lease agreements is misplaced. InStevens v. Deaton Truck Line, Inc., 256 Ala. 229, 54 So.2d 464
(1951), this Court held that under the terms and provisions of the agreement there considered, the relationship of Deaton Truck Line and the owner of the vehicle was that of master and servant, and that Deaton would be chargeable with the negligence of the owner of the vehicle where the owner, at the time of the negligent act, was acting within the scope of his employment. In the subsequent cases cited by the majority, the lease agreements at issue were substantially the same as the lease agreement in Stevens, so that the determinative issue was whether the owner or his employee was *Page 1267 
acting within the scope of his employment at the time of the incident in question.
There is no such lease agreement in the case before us. Furthermore, there is no evidence that the agreement between Chevron and McDonald Petroleum bears any significant resemblance to the lease agreements in the aforementioned cases. The lease agreement in Stevens v. Deaton Truck Line,Inc., supra, as well as the agreements in Cox v. Howard HallCo., 289 Ala. 35, 265 So.2d 580 (1972), and Deaton Truck Line,Inc. v. Acker, 261 Ala. 468, 74 So.2d 717 (1954), provided explicitly that the lessee-common carrier had exclusive use and control of the vehicle during the term of the lease. As mentioned earlier, there was no express agreement that Chevron had the right to exclusive use of McDonald Petroleum's vehicles.
In Cox v. Howard Hall Co., supra, the retention of control by the lessee-motor freight carrier was manifested by several factors not present in the instant case. The lease agreement inCox required the lessor-owner to provide drivers who would be available to the lessee-common carrier at all times during the lease. The lessor-owner could haul no freight without the knowledge and consent of the lessee-common carrier. The lessee-common carrier had a voice in the selection of drivers, and required those drivers to attend safety meetings and to record and file driving logs and repair records. Generally, vehicles were kept at the terminal of the lessee-common carrier when not in use, and the lessee decided what was to be hauled and where it was to go.
The trial court had before it the depositions of the plaintiff, the driver of plaintiff's automobile (defendant James McDonald), the driver of McDonald's vehicle, and a Chevron representative, as well as answers to interrogatories and certain documents produced by defendants, including the "limited commission agent" agreement. Its conclusion that no jury question of agency was presented with respect to Chevron's liability should be sustained.
BEATTY, J., concurs.